Louisville & N. R. R. Co. v. Walker.

---

CASE 115—ACTION TO RECOVER FREIGHT CHARGES ILLEGALLY EXACTED FROM PLAINTIFF—MAY 23.

# Louisville & N. R. R. Co. v. Walker.

APPEAL FROM BARREN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

CARRIERS—LONG AND SHORT HAUL—LIABILITY FOR EXCESSIVE CHARGE —LIMITATION OF ACTION.

Held: 1. A railroad company which charges more for a short than for a long haul, in violation of Constitution, section 218, is liable to the shipper for the excess charged, as he whose money is taken from him illegally is to that extent damaged.

2. The provision of Kentucky Statutes, section 819, that all prosecutions and actions "under this law" shall be commenced within two years after the offense shall have been committed or the cause of action shall have accrued, applies not only to prosecutions and actions under the sections immediately preceding, referring to extortion, discrimination, and preferences, but to an action under the section immediately following, relating to the long and short haul.

3. As Constitution, section 218, does not apply unless the shorter is included within the longer distance, a carrier does not violate the law where the long haul is altogether on its main line, while

Louisville & N. R. R. .Co. v. Walker.

the short haul originates on a branch road, as the shipment
is an entirety, and can not be split into parts to bring it within
the law.

WALKER D. HINES, ATTORNEY FOR APPELLANT.

H. W. BRUCE, E. W. HINES AND J. A. MITCHELL, OF COUNSEL.

POINTS AND CITATIONS.

1. Appellee neither alleged nor proved any damage whatever, and
appellant showed that no damage was sustained by him. Louis-
ville Gas Co. v. Kaufman, Straus & Co., 20 Ky. Law Rep., 1069;
Grant v. Penn & Co., 133 N. Y., 658; L. & N. R. R. Co. v. Com-
monwealth, 20 Ky. Law Rep., 1380.

2. As to Glasgow shipments there was no violation of the law be-·
cause Glasgow was not on the same line with Bowling Green.
Allen & Lewis v. Oregon R. & N. Co., 98 Fed. Rep., 16.

3. The shipments were made voluntarily, with full knowledge of the
facts, and without any protest. Hutchinson on Carriers, sec.
447a; Killmer v. N. Y., &c. R. Co., 100 N. Y., 395; 23 Am. & Eng.
R. Cases, 659.

4. The right, if any, should have been asserted before the railroad
commission, in pursuance of section 820, Kentucky Statutes.

5. The court properly applied the two years' statute of limitations.

W. L. PORTER, ATTORNEY FOR APPELLEE.

This action was begun by appellee to recover of appellant un-
der section 218 of the Constitution, that makes it unlawful for
any corporation, operating a railroad in this State, to charge
or receive any greater compensation in the aggregate for the
transportation of property of like kind, under substantially simi-
lar circumstances and conditions, for a shorter than for a longer
distance over the same line, in the same direction, the shorter
being included within the longer distance, and under the con-
struction placed by this court upon the terms, "substantially
similar circumstances and conditions" as used in the Constitu-
tion and statute on this subject.

Appellee insists that appellant, under the guise of freight
charges, has taken from him that which, under the law, it had no
right to demand or receive. That it unlawfully charged him
nine cents per 100 pounds on the tobacco shipped by him from
Cave City, and 10 cents per 100 pounds on the tobacco shipped
from Glasgow Junction to Louisville, more than it was author-
ized to charge or collect, and he seeks to recover that back from
appellant.

Louisville & N. R. R. Co. v. Walker.

We insist that the court erred in applying the two years stat-
ute of limitation to this action, and claim that the five years'
statute governs this case. An affirmance on original and re-
versal on cross appeal respectfully asked.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellee, J. F. Walker, shipped over appellant's road
from Cave City to Louisville tobacco prized in casks, for
which it charged him 29 cents a hundred pounds for
freight.    He also shipped tobacco from Glasgow, by way
of Glasgow Junction, to Louisville, for which it charged
him 36 cents a hundred.    Cave City and Glasgow Junc-
tion are stations on appellant's road between Bowling
Green and Louisville, and at the time of these shipments,
appellant charged 20 cents a hundred pounds for trans-
porting tobacco from Bowling Green to Louisville.    Glas-
gow is 10 miles from Glasgow Junction, and is on a branch
road running out from the main line at Glasgow Junction.
Appellant charged 6 cents a hundred pounds for trans-
porting tobacco from Glasgow to Glasgow Junction, and
30 cents for transporting it from Glasgow Junction to
Louisville.    Appellee filed this action on February 24,
1899, to recover for the excess charged him for the short
haul over and above the amount charged for the longer
haul from Bowling Green, and recovered judgment for
$205.32.    It is insisted for appellant that the action does
not lie, and that there can be no recovery, because it does
not appear that appellee has been damaged. In Hutcheson v.
Railroad Co., 22 Ky. L. R. 361 (57 S. W., 251), we held that
the action could be maintained, and upon a reconsideration
of the question, adhere to the ruling in that case. If a carrier
charges a shipper more than the law allows him to charge,
the excess so paid may be recovered by the shipper.    If
there had been a statute fixing the charge from Cave City

to Louisville at 20 cents, and appellant had charged 29 cents, the excess so paid above the legal rate might be recovered, on the ground that it had been illegally exacted. Section 218 of the Constitution is in these words: "It shall be unlawful for any person or corporation, owning or operating a railroad in this State, or any common carrier, to charge or receive any greater compensation, in the aggregate for the transportation of passengers, or of property of like kind, under substantially similar circumstances and conditions, for a shorter than for a longer distance over the same line, in the same direction, the shorter being included within the longer distance; but this shall not be construed as authorizing any common carrier or person, or corporation, owning or operating a railroad in this State, to receive as great compensation for a shorter as for a longer distance; provided that upon application to the railroad commission, such common carrier, or person, or corporation, owning or operating a railroad in this State, may in special cases, after investigation by the commission, be authorized to charge less for longer than for shorter distances for the transportation of passengers, or property; and the commission may, from time to time, prescribe the extent to which such common carrier, or person, or corporation, owning or operating a railroad in this State, may be relieved from the operation of this section." When the Constitution was formed there was great complaint that local shippers, who had no other means of getting their goods to market, were sometimes made to pay more than their just share of the cost of transportation, and that while at competitive points where competition rendered it necessary, the rates were reasonable, at intermediate points along the line, where there was no competition, extortion was practiced. The

section quoted was designed to protect these people who were, so to speak, in the power of the carrier, having no other way to get to market.    It was not designed for the protection of the long haul.    Experience had shown that by reason of competition and other circumstances, the shippers over the long haul were not so much in need of protection.    As one means of protecting the local ship-per, this section fixed a maximum limit, beyond which he should not be charged.    It was thus made unlawful for the carrier to charge a greater compensation for the same service for a shorter than for a longer distance over the same line in the same direction, the shorter being includ-ed within the longer distance.    When the charge for the longer haul is fixed, to charge more for the shorter haul is just as clearly illegal as it would be to charge a greater sum than the law allowed where the law itself fixed a sum certain as the limit of the charge.    The carrier is al-lowed by the Constitution to fix the rate for the longer haul, but when he so fixes it, this rate is the limit, beyond which he can not go in charging for the same service in the shorter haul.    And, when appellant exacted of appellee more than it could legally charge, his right to recover the excess so paid is precisely similar to the right to recover for any other illegal exaction.    He whose money is taken from him illegally is to that extent damaged..    It is not necessary for appellee to show anything more than that he was compelled to pay more than appellant had a right to charge.    To illustrate:    If it had been provided by statute that appellant should charge no more for haul-ing tobacco than it charged for hauling other like freight, and appellant, while charging 20 cents a hundred for haul-ing like freight, had charged appellee 29 cents a hundred for hauling his tobacco, it would be clear that the 9 cents

a hundred had been taken from appellee in violation of law, and it would be no defense for appellant to say that appellee was not prejudiced by its giving lower rates to other freight, and it did not hurt him in any way that other people were charged less than they ought to have been charged; for in such a case the excessive charge for carrying the tobacco would be illegal.

Part of the shipments were made more than two years before the suit was brought, and appellant relied on the statute of limitations. Section 819, Ky. St., among other things, provides as follows: "Indictments under this section shall be made only upon the recommendation or request of the railroad commission filed in the court having jurisdiction of the offense and all prosecutions and actions under this law shall be commenced within two years after the offense shall have been committed or the cause of action shall have accrued." It will be observed that the first part of the clause quoted refers to "indictments under this section," but the latter clause, in reference to civil actions is broader, and includes all "actions under this law." This section is a part of the act approved April 5, 1893, entitled: "An act providing for the creation and regulation of private corporations." Acts 1891-93, p. 612. The next section of the act (Ky. St. section 820) relates to the subject of the long and short haul. The preceding sections (sections 816-818) refer to extortion, discrimination, and preferences by carriers. It was evidently intended to place all these matters on the same plane, and to provide the same limitation for all of them. We are therefore, of opinion that the trial court did not err in holding the plea of limitation good as to all matters occurring more than two years before the action was begun.

Louisville & N. R. R. Co. v. Walker.

The remaining question in the case is, can appellee recover on the shipments made from Glasgow at 36 cents a hundred, on the ground that 6 cents of this was the charge to Glasgow Junction, and 30 cents from Glasgow Junction to Louisville? If the tobacco had been shipped from Glasgow Junction, and 10 cents more charged than was charged on shipments from Bowling Green, it would then be within the purview of the constitutional provision above quoted. But the shipments were made from Glasgow, which is not on the line from Bowling Green to Louisville, and the Constitution does not apply unless the shorter is included within the longer distance. The shipment is an entirety, and can not be split into parts to bring it within this section. The contract is for the entire haul, and must be considered as an entirety. The haul must be over the same line, and if part of it is over one line and part over another, while the long haul is exclusively on one of the lines, the section does not apply. The court below therefore, erred in allowing any recovery on account of the shipments from Glasgow. Judgment reversed and cause remanded for further proceedings consistent with this opinion.