CASE 116—ACTION TO RECOVER FREIGHT CHARGES ILLEGALLY EXACTED FROM PLAINTIFF—MAY 23.

# Louisville & N. R. R. Co. v. Vancleave.

### APPEAL FROM MARION CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

CARRIERS—INTERSTATE SHIPMENT—JOINDER OF ACTIONS—MISJOINDER NOT PREJUDICIAL—LONG AND SHORT HAUL—EXONERATION BY RAILROAD COMMISSION FROM OPERATION OF LAW.

Held: 1. The fact that coal was billed from a point in Tennessee to a point in Kentucky does not make the shipment an interstate one, it appearing that the coal was mined in Kentucky, and loaded on the cars at a switch at the mines, and there taken charge of by the carrier.

2. In an action against a railroad company to recover payments illegally exacted for carrying goods, some of which were shipped by plaintiff individually and some by a firm of which plaintiff was a member, the misjoinder, if any, was not prejudicial to defendant, as it appeared that plaintiff had become the sole owner of the assets of the firm, which had been dissolved, and plaintiff's co-partner filed answer disclaiming any interest in the matter.

3. The action of the railroad commission in exonerating a cerrier from the operation of Constitution, section 218, and Kentucky Statute, section 820, forbidding a carrier to charge more for a short than for a long haul, is not retrospective, and does not, therefore, affect the liability which the carrier had previously incurred to shippers by a violation of the law.

WALKER D. HINES, ATTORNEY FOR APPELLANT.

W. C. McCHORD, W. J. LISLE, JOHN McCHORD, AND E. W. HINES OF COUNSEL.

### POINTS AND CITATIONS.

1. Appellee being a mere assignee and being insolvent should have been required to give bond for costs. Section 619, Civil Code.

2. Since the assignment of claims of this character is not authorized by statute the assignor was a necessary party with reference to the claims assigned by him, and was neither a necessary nor a proper party with reference to the claims which accrued origi-

Louisville & N. R. R. Co. v. Vancleave.

nally and individually to the appellee; therefore, it was a misjoinder to sue on both sets of claims in the same action since they did not affect the same parties.  Section 83, Civil Code.

3. The court erred in submitting to the jury the question whether the shipments from Jellico, Tennessee, were from a point within Kentucky, there being no proof that they were from a point in Kentucky.

4. Appellee showed no damage and no right to recover.  Although he showed a violation of section 218 of the Constitution, he failed to show either that he would have been charged a less rate if that section had been complied with, or that charging him the higher rate and persons at Louisville a lower rate, was an injury to him in any way.  On the other hand it appears beyond question from the record that if appellant had known it was violating the law it could and would have complied with it not by reducing the rate to appellee and others, at Lebanon, but by raising the rate to Louisville, unless it had secured authority from the railroad commission (which it has since done) to charge the less rate to Louisville. And it is further admitted in the record that as a matter of fact appellee was not damaged a cent by reason of this violation of the law.

5. Appellee's payments were voluntary and without protest, and there can therefore be no recovery.  Hutchinson on Carriers, sec. 447a.; Killmer v. New York, &c. Ry. Co., 100 N. Y., 329, 23 A. & E. R. R. Cases, 659.

6. If the appellee had any ground of complaint it was for simply one form of undue preference and should have been presented to the railroad commission.  Sections 818, 819, and 829, Ky. Stats.

7. The subsequent action of the railroad commission in relieving appellant from the operation of section 218 of the Constitution, with respect to this coal traffic protects it from this claim of appellee.

W. C. McCHORD, ATTORNEY FOR APPELLANT.

1. A recovery can not be had under sections 816, 817, or 818, Kentucky Statutes, unless actual damage is alleged and proven.

2. Before a recovery can be had under sections 816, 817, and 818, Kentucky Statutes, complaint must be made to the railroad commission, and an award made by it which must be the basis of the proceedings in court to recover judgment on the award.

3. The railroad commission has the authority to suspend the operation of sections 816, 817, 818, and 820, Kentucky Statutes, and the constitutional provision, (sec. 218), on the same subject. And so long as the order of the commission suspending said law is in operation there can be no prosecution or action maintained against the carrier.

4. There can be no recovery under section 218 of the Constitution, nor section 820 Kentucky Statutes, by a shipper if the freight charges are reasonable.

5. A citizen has no cause of action to recover the penalty imposed for violation of either of said sections by the carrier. The cause of action is in the Commonwealth only.

### AUTHORITIES CITED.

Kentucky Statutes, sections 816, 817, 818, 819, 820, 829; Constitution of Kentucky, sec. 218; Interstate Commerce Act; Elliott on Railroads, secs. 1467, 1560; Hutchinson on Carriers, secs. 302, 756; Parsons v. Chicago & N. W. R. R. Co., 167 U. S., official p. 477, Law Ed., p. 231; Smyth v. Ames, 169 U. S., 466; Kilmer v. Railroad Co., 100 N. Y., 395; Louisville & Nashville R. R. Co. v. Commonwealth, 20 Ky. Law Rep., 1099; Louisville & Nashville Railroad Co. v. Commonwealth, 21 Ky. Law Rep., 233.

FINLEY SHUCK AND H. W. RIVES, FOR APPELLEE.

(No brief in the record for appellee.)

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

This is an action similar in character to the case of Railroad Co. v. Walker (this day decided), 63 S. W., 20, and most of the questions raised herein were determined in that case. Part of the coal, for the transportation of which it is claimed an excessive charge was made, was billed from Jellico, Tenn. But the proof shows that it was mined in Kentucky, and loaded on the cars at the switch at the mines, and there taken charge of by the appellant for transportation to the consignee at Lebanon, Ky. Appellant introduced no evidence, and the jury were warranted in concluding from the testimony before them that this was in fact a Kentucky shipment. No question of interstate commerce, therefore, arises.

A part of the shipments sued for were made by appellee, A. Vancleave, individually, and part by a firm composed of A. Vancleave and Finley Shuck. Some time be-

fore suit was brought, Shuck retired from the firm, selling out his entire interest to Vancleave. Vancleave brought the suit in his own name alone to recover upon all the shipments. The court required him to make Shuck a defendant to the action. Shuck thereupon appeared, and filed answer, disclaiming any interest in the matter. Appellee insisted that there was a misjoinder of causes of action, and that the cause of action which accrued to the firm could not be united with the cause of action which accrued to Vancleave personally, although the firm had been dissolved, and Vancleave had become the sole owner of all its assets. The court overruled appellant's objections to the joinder of the causes of action. We do not deem it necessary to determine whether the causes of action were properly joined or not, as appellant was clearly not prejudiced, and the case has been tried on the merits. Shuck having filed his disclaimer of interest, his name might have been stricken from the record or the action might have been dismissed as to him. No other parties were affected except appellee, A. Vancleave, and the appellant.

Appellant also relies on the fact that the railroad commission has, since the cause of action accrued, exonerated appellant from the operation of section 820, Kentucky Statutes. This exoneration, by the terms of that section, protects it from a criminal prosecution on account of the matters complained of before the commission; but it has no effect upon the liability which appellant had previously incurred to the shippers under section 218 of the Constitution. The power of the commission under that section is not retrospective. The language of the proviso in regard to the power of the commission is as follows: "Provided, that upon application to the railroad commission

such common carrier or person or corporation owning or operating a railroad in this State may in special cases, after investigation by the commission, be authorized to charge less for longer than for shorter distances for the transportation of passengers or property; and the commission may from time to time prescribe the extent to which such common carrier or person or corporation owning or operating a railroad in this State may be relieved from the operation of this section." The authority of the commission must be obtained before the greater charge is made for the short haul, else the charge is illegal. The power of the commission to relieve the carrier from the operation of the section from time to time to such extent as it may see proper has no reference to past liabilities. Section 820, Kentucky Statutes, was enacted to carry into effect the constitutional provision, and is not inconsistent with it. The Legislature could not confer power which the Constitution had withheld, and it did not undertake to do so. The constitutional provision, in so far as it made unlawful the making of a greater charge for the short haul than for the longer, required no legislation to secure to the shipper a right of action for money extorted from him in violation of its provision. A right secured by the Constitution may be enforced by action without the aid of legislation. The Constitution does not require the railroad commission to act before the shipper can maintain his action. By the terms of the Constitution, the greater charge for the short haul is unlawful, unless authorized by the commission. The liability attaches unless the carrier has obtained the authority of the commission. The shipper is not required by the Constitution to go to the commission and therefore no action by the commission is necessary to enable him to maintain his suit. Judgment affirmed.