# McCAULL-DINSMORE COMPANY v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 15, 1922.

No. 23,141.

**Long and short haul—recovery by shipper of excess paid to carrier.**
    1.   Section 4 of the Interstate Commerce Act declares a published
tariff of a carrier unlawful which charges more for a shorter haul than
for a longer, the shorter haul being a part of the line or route of the
longer, therefore, the maximum rate that can be collected by the car-
rier for the shorter haul would be the established tariff for the longer
haul, and what is received in excess thereof may be recovered in an
action as for money had and received for the shipper's use.

**Shipment over longer haul need not be proven.**
    2.   In such an action it is not necessary to show shipments over
the longer haul upon which charges were paid as per the published
tariff.

**Proof of collection of charges greater than published tariff.**
    3.   Nor need damages be proven, except that the charges collected
by the carrier exceeded the published tariff for the longer haul.

**Minnesota court has jurisdiction of action.**
    4.   Of such an action a state court has jurisdiction.

Action in the district court for Hennepin county to recover $590.26
paid in excess of the lawful rate on shipments of wheat.   The case
was tried before Steele, J., who made findings and ordered judg-
ment in favor of plaintiff.   Defendant's motion to amend the find-
ings and conclusions or for a new trial was denied.   From the
judgment entered pursuant to the order for judgment, defendant
appealed.   Affirmed.

    *Hoke, Krause & Faegre, F. G. Dorety* and *R. J. Hagman,* for ap-
pellant.

    *Devaney & Edwards* and *W. W. Patterson,* for respondent.

    [1]Reported in 191 N. W. 42.

HOLT, J.

The main facts are these: Between August 23, 1913, and September 3, 1914, plaintiff shipped over the line of defendant, a common carrier, 37 cars of wheat from Benchland, Montana, to Minneapolis and Duluth, Minnesota. During that period defendant's published tariff rate for transporting wheat was 30 cents per cwt. from Benchland to the destinations mentioned, and 28 cents per cwt. from Billings to the same destination points, although the haul is 152 miles longer from Billings than from Benchland, which is an intermediate point on defendant's line of railway running from Billings to Minneapolis or Duluth. Plaintiff accordingly paid 2 cents per cwt. more for the shorter haul than for the longer, or in all $590.26 more than if defendant had carried the wheat from Billings 152 miles farther. Plaintiff sued for this as being a payment in excess of the lawful rate and recovered. Defendant appeals from the judgment.

Plaintiff predicates the right of recovery upon section 4 of the Interstate Commerce Act, which so far as pertinent to this appeal reads: "That it shall be unlawful for any common carrier subject to the provisions of this act to charge or receive any greater compensation in the aggregate for the transportation of passengers, or of like kind of property, for a shorter than for a longer distance over the same line or route in the same direction, the shorter being included within the longer distance, or to charge any greater compensation as a through route than the aggregate of the intermediate rates subject to the provisions of this act; but this shall not be construed as authorizing any common carrier within the terms of this act to charge or receive as great compensation for a shorter as for a longer distance."

Plaintiff's theory is that the maximum rate for the shorter haul is under said section the published tariff for the longer haul, since the law declares the published higher tariff for the shorter haul unlawful. Defendant's contention is that under the act the published tariff being unlawful, because greater for the shorter haul than for the longer, there was no legal rate from Benchland, hence redress may be had only through the Interstate Commerce Commission,

which must first determine what would have been a lawful and reasonable rate, and then ordered reparation if defendant had received more. If the amount collected was no more than reasonable, plaintiff was not damaged unless injured by the discrimination in favor of competitors shipping from Billings. If this contention be sound, it would follow that the court had no jurisdiction, for no application has been made to the commission for relief, and, when this action was begun, the time to present the claim to the commission had expired. (Section 16 of the act.)

Respondent concedes that the rulings of the Interstate Commerce Commission are in harmony with the contentions of appellant. Oregon Fruit Co. v. Southern Pac. Co. 50 I. C. C. 719 and Iten Biscuit Co. v. Chicago, B. & Q. R. Co. 53 I. C. C. 729, are the most recent decisions on the subject. The logic of the conclusion may be somewhat weakened by Ryan Fruit Co. v. Southern Pac. Co. 60 I. C. C. 733, where the shippers were allowed a refund without any proof of damages other than the mere fact that the carrier had violated section 4 by charging a greater compensation for a through rate than the aggregate of the intermediate rates. However, the Federal Circuit Court of Appeals for the ninth district has reached a conclusion at variance with that of the Interstate Commerce Commission and which appeals to this court as right. The holding on the point under consideration is thus expressed by that court in the syllabus in Davis v. Parrington, 281 Fed. 10:

"The collection by a carrier of a rate in excess of the rate charged by it for a longer haul over the same route, without permission of the commission first having been obtained, is the collection of an illegal rate, and the excess of such rate over the rate for the longer haul may be recovered by an action in the court without resorting first to proceedings before the Interstate Commerce Commission, since the question is clearly not administrative, and the remedy by action in court exists under Interstate Commerce Act, § 9 [Comp. St. § 857]." In this instance there was no permission from the commission to charge a higher rate from Benchland than from Billings. The case also holds that the two year limitation contained in section 16 of the act does not apply where a suit at law

lies without any action first being taken by the commission. In such a suit the limitation statutes of the state determine whether or not the claim is barred.

When a carrier undertakes to establish a greater rate or tariff for a certain haul than a statute permits, and such statute also fixes the carrier's published tariff for a longer haul as the maximum for that certain shorter haul, the excess collected over such maximum should be held as an overcharge, recoverable in an ordinary action at law as money had and received for the use of plaintiff. In the determination of such an issue the court has no occasion to pass upon the lawfulness or reasonableness of the rate collected for the statute has determined that. This position is fortified by decisions based upon provisions in state statutes and constitutions similar to those in section 4 of the Interstate Commerce Act. Southern Pac. Co. v. California Adjustment Co. 237 Fed. 954 (on certiorari dismissed in 248 U. S. 595, 39 Sup. Ct. 182, 63 L. ed. 438); Louisville & N. R. Co. v. Walker, 110 Ky. 961, 63 S. W. 20; California Adjustment Co. v. Atkinson, T. & S. F. R. Co. 179 Cal. 140, 175 Pac. 682, 13 A. L. R. 274; McGrew Coal Co. v. Missouri Pac. Ry. Co. 280 Mo. 466, 217 S. W. 984, 13 A, L. R. 283 (affirmed in 256 U. S. 134, 41 Sup. Ct. 404, 65 L. ed. 864).

These authorities also dispose of defendant's contention that it must be shown that the carrier actually charged or received the lower rate for the longer haul, holding, in effect, that the published lower tariff for the longer haul does so show.

The same may be said of the proposition that no recovery can be had without proof of actual damages. Under the Parrington case, and the other court decisions above cited, the unlawful published rate for the shorter haul put in operation the published rate for the longer haul, and, to the extent that more was collected from the shipper, that much, at least, was his damage. It was that much money wrongfully taken out of his purse.

Another point made by defendant is that the state courts have no jurisdiction of cases predicated upon violation of the Interstate Commerce Act, section 9 thereof expressly confining such jurisdiction to the commission and the Federal courts. That is true as to

damages when the amount thereof has to be determined from facts other than simply collecting more than the lawful published tariff. But section 22 of the act provides: "And nothing in this act contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this act are in addition to such remedies." This would seem to authorize an action in a state court to recover the amount exacted above the charge permitted by section 4 for the longer haul. ·

The writer would be content to follow the decisions of the Interstate Commerce Commission in the absence of a determination by the Supreme Court of the United States, the final authority. The construction placed upon the act by the commission results in a more equal and uniform treatment of shippers and carriers, and subjects all claims arising out of a violation of the act to the same limitation.

The judgment is affirmed.