CASE 86—ACTION TO RECOVER FREIGHT CHARGES IMPROPERLY COLLECTED BY DEFENDANT—JUNE 7.

## Hutchison, &c., v. L. & N. R. R. Co.

APPEAL FROM LOGAN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

CARRIERS—FREIGHT RATES—DISCRIMINATION—LONG AND SHORT HAUL —DAMAGES—SHIPPER'S RIGHT OF ACTION.

Held:   1. Under Constitution, section 218, providing that it shall be unlawful for any person or corporation owning or operating a railroad, or any common carrier, to charge or receive a greater compensation for transportation under substantially similar circumstances and conditions for a shorter than a

longer distance over the same line in the same direction, the shorter being included within the longer distance, except under permission of the railroad commission duly granted on application, the fact that competition exists at the point to which the short haul is made, does not authorize the carrier to charge more for the short haul than for the long haul without permission of the commission.

2. Where a carrier has charged more for a short haul than for a long haul, in violation of the Constitution, section 218, the fact that the Kentucky Statutes, section 820, provides only for indictment of the carrier for violation of the constitutional provision does not prevent a shipper aggrieved by such violation from maintaining a suit against the carrier for damages sustained thereby.

W. P. SANDIDGE FOR APPELLANTS.

W. F. BROWDER, H. W. BRUCE AND E. W. HINES FOR APPELLEES.

(No briefs in record.)

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellants in the years 1894 and 1895 shipped a large quantity of tobacco from Auburn, Logan county, Ky., over appellee's road, and were charged by it for the transportation of the tobacco at the rate of thirty cents per hundred pounds. The distance from Auburn to Louisville is 132 miles. Guthrie, Ky., is another point on the same line, 163 miles from Louisville, and Hopkinsville is 188 miles from Louisville. During the same period when appellants were paying thirty cents per hundred pounds for the transportation of their tobacco, appellee carried tobacco from Hopkinsville to Louisville for eighteen cents per hundred pounds, and from Guthrie for twenty-four cents; the tobacco from Hopkinsville and Guthrie being hauled through Auburn, and over the same route as that carried for appellants. On these facts, appellants filed their action to recover from appellee the amount paid it for the transportation of their tobacco over and

above the amount charged by it for transporting tobacco under substantially similar circumstances and conditions from Hopkinsville. Appellee justified the difference in rates on the ground of competition at Guthrie and Hopkinsville, making it necessary for it to haul from these points at the reduced rate in order to get the business, and in the lower court appellants' petition was dismissed on this ground. But since the trial in the lower court, this court, in the case of Louisville & N. R. Co. v. Com., 46 S. W., 707, 47 S. W., 210, 598, and in Id., 51 S. W., 164, 1012, has held that competition at one point which did not exist at the other does not of itself exempt the carrier from section 218 of the Constitution.

It is insisted however, for the appellee, that the Legislature, by section 819 of the Kentucky Statutes, has provided a remedy to the party aggrieved, where the carrier is guilty of extortion or unjust discrimination; but that this remedy does not include violations of the long and short haul clause, which are covered by section 820, Id., providing for the indictment of the carrier in this state of case, but giving no right of action to the party aggrieved. It is earnestly argued that the Legislature made the carrier liable to indictment for violating the long and short haul clause, but failed to give the person aggrieved a remedy, for the reason that the rate charged him might be reasonable, and he was not prejudiced by the carrier's charging some one at another point less than should have been paid.

While there is great plausibility in this argument, we think the matter must be determined not from the statute, but from the Constitution itself. Section 218 of the Constitution is as follows: "It shall be unlawful for any person or corporation, owning or operating a railroad in

this State, or any common carrier, to charge or receive any greater compensation in the aggregate for the transportation of passengers, or of property of like kind, under substantially similar circumstances and conditions, for a shorter than for a longer distance over the same line, in the same direction, the shorter being included within the longer distance, but this shall not be construed as authorizing any common carrier, or person or corporation, owning or operating a railroad in this State, to receive as great compensation for a shorter as for a longer distance; provided, that upon application to the Railroad Commission, such common carrier, or person or corporation owning or operating a railroad in this State, may in special cases, after investigation by the commission, be authorized to charge less for longer than for shorter distances for the transportation of passengers or property; and the commission may from time to time, prescribe the extent to which such common carrier, or person, or corporation, owning or operating a railroad in this State, may be relieved from the operations of this section."

It will be seen that the above makes it unlawful for the carrier to charge or receive a greater compensation in the aggregate for the transportation of property of like kind, under similar circumstances and conditions, for a shorter than for a longer distance, over the same line, in the same direction; the shorter being included within the longer distance. The thing made unlawful is the greater charge for the short than for the long haul. The violation of this section does not consist in charging for the long haul less than is charged for the shorter, or in charging more or less than is reasonable for either. The carrier is given the right to fix the charge for the long haul, so far as this section goes; but he is not allowed, when he

has done this, to charge more for the shorter than for the longer haul. When appellee charged eighteen cents per hundred pounds for the carriage of tobacco from Hopkinsville to Louisville, it violated no law. It only violated the law when it charged appellants for a shorter haul on the same route more than eighteen cents. By this vio·lation of law it obtained from them more money than it should have received. It is a familiar common-law rule that one who is aggrieved by a violation of law may have his action against the party committing the violation, to recover such damages as he has thereby sustained. This principle was recently applied in City of Henderson v. Clayton, (Ky.), 57 S. W., 1, and, under the principles announced in that case, appellants are entitled to recover the excess of freight collected from them.

The prime purpose of the constitutional provision was the protection of the citizen from a greater charge for a short than for a longer haul. The Constitution itself provides no remedy, civil or criminal, for its violation. The indictment of the carrier as provided by the statute may deter him from future violation of the law. But this will not remedy the wrong already done the shipper, and, when money is obtained in violation of the express terms of the Constitution, its proper effect and purpose will be in a great measure defeated if the wrongdoer is allowed to retain the fruits of his illegal exaction. This is never allowed where money has been obtained in violation of a statute, where the statute is silent as to the remedy; and a constitutional provision can not be less effective than a statute. The rule is thus stated in Bish. Non-cont. Law, sections 132-134: "Whenever the common law, a statute, a municipal by-law, or any other law imposes on one a duty, if of a sort affecting the public within the principles

of the criminal law, a breach of it is indictable, and a civil action will lie in favor of any person who has suffered specially therefrom. Or, if the matter of the law involves only the interests of individuals, any one who has received harm from another's disobedience may have his suit against him for the damages. But if the law as interpreted was not meant to protect the class of persons to which the one suing belongs, or to protect anybody from the sort of injury complained of, or if in a way held to be exclusive it provides a different remedy, the action can not be maintained." Id., section 132. "The reason of the doctrine is, that remedy is inseparable from law, which can not exist without it; that each particular remedy must be adapted to its corresponding wrong, being an indictment for a wrong to the public, and a civil action for one to an individual; and that still a statute creating a right, or any other statute, may ordain any different remedy which the Legislature prefers." Id., section 133. "To illustrate: If the law confers on one the right to do a thing, another who prevents his doing it disobeys the law, and consequently is liable to a suit for the damages." Id., section 134. While there is some conflict of authority as to the rule in cases of violation of a municipal by-law, and the text in this respect has not been followed in this State, the decisions are uniform in support of the text in all other respects. Other authorities are collected in the case of City of Henderson v. Clayton, above referred to. Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.