### S. G. SULLIVAN v. CITY NATIONAL BANK OF DALLAS.

Decided November 2, 1901.

**1.—Negligence—Repair of Sidewalk—City Ordinances—Liability of Property Owner for Personal Injuries.**

The owner of a building in a city having, as provided by its ordinances, obtained its permission to make certain repairs, including the taking up and lowering of the abutting sidewalk, erected barriers to close the sidewalk and to warn the public of the situation while the work was being done. Plaintiff was employed by the owner in repainting the building, and while working within the barriers was injured by stepping into a coal hole in the sidewalk, which was uncovered in making the repairs. Held, that ordinances of the city making it the duty of property owners to keep the sidewalks in good repair and free of obstructions and uncovered openings, did not apply to the sidewalk in question so long as it was not open at that point to travel by the public, and that the owner's liability to plaintiff was to be determined by the common law and not by the city ordinances.

**2.—Same—Charge Assuming Negligence.**

The court properly refused a requested instruction containing a clause that "if by negligence of defendant in making the hole and leaving the same open, if in fact it was left open, defendant did not exercise proper care to prevent injury to others lawfully upon the sidewalk," etc., since this assumed that defendant was negligent in making the hole and leaving it open, if same was left open.

Eror from Dallas.  Tried below before Hon. Richard Morgan.

*Crawford & Crawford,* for plaintiff in error.

*McCormick & Spence,* for defendant in error.

RAINEY, CHIEF JUSTICE.—Plaintiff in error sued to recover of defendant in error damages for injuries received by falling into an opening or coal hole in the sidewalk on Murphy street, in the city of Dallas. Defendant plead a general denial, and specially contributory negligence on the part of plaintiff in error.  The cause was tried before a jury and a verdict returned for the defendant.  Judgment was entered accordingly, from which this writ of error is prosecuted.

*Conclusions of Fact.*—The bank owned and occupied a building at the corner of Main and Murphy streets, fronting on Main and extending back along the line of Murphy street 100 feet.  The bank maintained a cellar or opening under the sidewalk along Murphy street.  Said opening had an outlet through the sidewalk on Murphy street, which was a circular hole, eighteen inches or two feet in diameter.  The covering for this hole was a cap weighing not more than twenty pounds.  Just before the accident said building was damaged by fire to such an extent as to require it to be repaired, reconstructed in part, the sidewalk lowered and the building painted.  For this purpose the bank employed one Gill, and, acting for it, he employed contractors to do the work.  Gill, on behalf of the bank, made a contract with one Brin to repair the building and lower the sidewalk.  He also contracted with one Black to do the painting.  For the purpose of lowering the sidewalk, the bank obtained permission of the city to do the work.  At the time of the accident the work was being carried on, the old sidewalk had been torn up, and the new one was being laid.  The opening was being reconstructed, which had been completed except that the iron cylinder, which was to receive the iron cap constituting the covering for the hole, was not set, and could not be set until the sidewalk at said opening was ready for completion.  At that time Brin's employes were using the opening, through which a hose was passed for the purpose of conveying water from a hydrant in the cellar to the street on the outside and there used in the preparation of mortar which was needed in repairing the building.  The hole in the sidewalk was about 40 feet from Main street, and about 160 feet from Elm street.  The sidewalks at the corner of Main and Murphy streets and at the corner of Elm and Murphy streets were barricaded, and there were barrels of cement and lumber and gravel which took up one-half of the width of Murphy street adjacent to the sidewalk, and said sidewalk along the entire length of said bank building was closed to the public.  The painting of the building was being carried on at the same time the repairing of the building on the inside was being done. Plaintiff in error was employed by Black, and was doing the painting on

the outside wall of said building. While so doing, he descended the ladder which he was using, for the purpose of going after material for the further prosecution of the work. After descending, and in going around the ladder, he fell into the hole and was injured. It was a clear, bright day, and said hole could have readily been seen by looking. The plaintiff in error knew that the sidewalk was torn up and being replaced, and that the work of repairing was being done. He was warned that morning by Black, his employer, to be careful, as the sidewalk was torn up.

The ordinances of the city of Dallas provide as follows:

"Article 661. It shall be and is hereby made the duty of all the owners of property along any sidewalk to keep the same, together with the curbing and guttering, in good repair and free of obstructions of all kinds, except such as is permitted by this chapter. Anyone failing to comply with this article, after three days' notice from the city engineer, shall be deemed guilty of a misdemeanor, and upon conviction in the city court shall be fined in a sum not exceeding fifty dollars; and each day anyone thus fails shall be construed as a separate offense. In case the city repairs any sidewalk, curbing, or guttering, the cost thereof shall be taxed up against the property and collected as other special taxes are collected.

"Art. 202. Whoever shall keep or leave open, or shall allow or suffer to be left or kept open, any cellar door, trap door, or the grating of any vault in or upon any sidewalk, street, thoroughfare, or passageway, or whoever shall make, keep, or maintain any uncovered opening in any sidewalk or footway, which it is his duty to maintain or repair, to become or continue so broken, uneven or out of repair as to endanger life or limb, shall be deemed guilty of a nuisance, and on conviction shall be fined not less than five dollars, nor more than one hundred dollars.

"Art. 203. Whoever, under lawful permission, shall, for any purpose, dig or make any ditch, drain, excavation, or hole in, across, or under any street, sidewalk, or other public place within this city, and shall not, with all reasonable dispatch, refill the same and fix such street, alley, sidewalk, or place in as good condition as the same was when found, shall be deemed guilty of a nuisance, and on conviction shall be fined not less than twenty dollars, nor more than one hundred dollars.

"Art. 204. That it is hereby made unlawful for any person, persons, firm, or corporation to make any excavation of whatsoever kind in the city of Dallas, whether the same be in or along or near any sidewalk, alley, or highway of any kind, without placing proper guard rails and signal lights or other warnings at, in, or around the same, sufficient to warn the public of such excavation and protect all persons using reasonable care from accidents on account of same. Any violation of this article shall be punished as provided by article 209 of this chapter.

"Art. 209. Any person violating any of the provisions of this chapter, to which no other penalty is provided, shall be fined in any sum not exceeding two hundred dollars for each offense."

*Conclusions of Law.*—1.   Plaintiff in error complains of that portion of the court's charge which instructs the jury that the ordinances of the city of Dallas "did not apply so long as said sidewalk was not open at that point to travel by the public."   Under the circumstances of this case, we are of the opinion that the court did not err in the particular complained of.   The bank, as provided by the ordinances, had obtained from the city permission to make the repairs, and had erected barriers to close the sidewalk as a traveled way and to warn the public of the situation.   Plaintiff in error was working on the building within those barriers, and the measure of the bank's duty to him must be determined by the common law, and not by the ordinances of the city.

2.   The court refused the following special charge requested by plaintiff, which action is complained of by plaintiff in error, to wit:   "If you believe from the evidence that the defendant, through its agent, C. A. Gill, obtained a permit from the city of Dallas to reconstruct the sidewalk along Murphy street adjacent to the building owned and occupied by the defendant, then you are instructed that in doing the work necessary to reconstruct the sidewalk the defendant was bound to prosecute the work in such a way as not to needlessly expose others lawfully upon the sidewalk to injury, and if, by the negligence of the defendant in making the coal hole and leaving the same open (if in fact it did leave it open), defendant did not exercise due care to prevent injury to others lawfully upon the sidewalk, and if you believe from the testimony that the plaintiff was injured by falling into the coal hole as alleged by him, and that at the time he received the injury he was lawfully upon the sidewalk and was exercising due and reasonable car for his safety under all the circumstances, and was injured by falling into the coal hole while exercising due and proper care on his part as heretofore explained to you, then he would be entitled to recover, and you will find for the plaintiff."

This charge is not correct.   That part of it reading as follows, "and if by negligence of the defendant in making the coal hole and leaving the same open (if in fact it did leave it open), the defendant did not exercise due care to prevent injury to others lawfully upon the sidewalk," assumes that the defendant was negligent in making the coal hole and leaving it open, if same was left open.   If it could be said that the latter part of said clause limited the term negligence to the exercise of due care, still it was calculated to mislead the jury, its meaning being contradictory and confusing.   The charge of the court as to the care imposed by law upon defendant was sufficient, in the absence of a correct charge on that point being requested.

There is no reversible error in the judgment and it is affirmed.

*Affirmed.*