IRON & WIRE Co. *v.* GREEN.

(*Knoxville.*    November  16,  1901.)

1. MASTER AND SERVANT.  *Liability for injury to minor employed in violation of statute.*

Employment of an infant in violation of statute forbidding such employment and making it a misdemeanor constitutes *per se* such negligence as makes the employer liable for all injuries sustained by the infant in the course of his employment.

Acts construed: Acts 1893, ch. 159.

Code construed: §§ 4434, 4436 (S.).

Case cited: Queen *v.* Dayton & Co., 95 Tenn., 458.

2. SAME.  *Same.*

The causal connection between the illegal employment of an infant in violation of statute that constitutes negligence *per se* and the injury of such infant is sufficient to sustain the latter's action against the employer for damages where the infant, while actually engaged in his employer's service and while on the latter's premises for that purpose, sustains injury from the falling upon him of panels of iron fence, and such causal connection is not broken by the fact, if it is shown, that the infant brought the injury upon himself while foolishly, and outside his duties, playing with the panels.

3. CHARGE OF COURT.  *Request as to causal connection properly refused.*

Hence the court properly refused in such case to give this request, to wit:  "If the proof shows that plaintiff sustained the injury in question while not engaged in and about any work for the defendant, or its agents having authority over him, but while playing with the panels of fence  .  .  .  .  then the statute in question has no application to the facts of the case, and plaintiff cannot recover."

24 P—11

Iron & Wire Co. *v.* Green.

4. VERDICT. *Not reversible for excessiveness.*

A verdict of $3,000 in favor of a boy under twelve years of age for the loss of a leg by the defendant's negligence, in employing him in violation of statute, is not so excessive as to evince passion, prejudice, caprice, or corruption on the part of the jury that requires its reversal.

---

FROM HAMILTON.

---

Appeal in error from the Circuit Court of Hamilton County. FLOYD ESTILL, J.

WILLIAMS & LANCASTER for Iron & Wire Co.

FRAZIER & COLEMAN and FLEMING & SMALLMAN for Green.

BEARD, J. The defendant in error is a minor who, while in the service of the plaintiff in error, a manufacturing corporation in Chattanooga, received an injury which necessitated the amputation of a leg. At that time he was under twelve years of age. This suit was brought to recover damages for this injury, and it resulted in a verdict and judgment in his favor of $3,000.

The record discloses that the boy had been at work for the plaintiff in error inside its factory, and that, going outside to a yard of the company, attached to the factory building, he was

seriously injured by some panels of iron fence falling upon him. These panels weighed from eighty to ninety pounds each, and they had been placed, or stacked, by the company against a post, awaiting their turn to be dipped in the paint bath near-by.

The theory of the plaintiff below was, that he was on his way, under the orders of his superior, to deliver a message to another employee of the company, when, accidentally, he stumbled against these panels, thus causing the pile to topple and fall upon him, inflicting the hurt complained of. On the other hand, the theory of the defendant below was, that young Green, having left of his own notion, and without orders, the factory building where he was employed, went into this yard on a matter not connected with his employment, where, finding these panels, he began to play with them by pulling them up, one at a time, to a vertical position against his body, and while doing this, he lost his balance, and, falling backward, drew the pile upon his leg, thus ·inflicting, by his own folly, this injury on himself.

By Sec. 1, Ch. 159, of the Acts of 1893 (Shannon's Code, § 4434), it is provided that "it shall be unlawful for any proprietor, foreman, owner, or other person, to employ any child less than twelve years of age in any workshop, mill, factory, or mine in this State," while Sec. 3 of

the Act (Shannon's Code, § 4436) provides that "any proprietor, foreman, or owner employing a child less than twelve years of age . . . shall be guilty of a misdemeanor. . . ."

An Act similar to this was considered in *Queen* v. *Dayton Coal & Iron Co.*, 95 Tenn., 458. In that case it was held that the employment of an infant under twelve years of age, in violation of a statute forbidding such employment, and declaring it a misdemeanor, constitutes *per se* such negligence as makes the employer liable for all injuries sustained by the infant in the course of his employment. This holding was made after a careful examination of the authorities, and we see no reason to depart from it.

The statute in question, like that involved in the Queen case, was wisely adopted by the Legislature with the view of keeping children out of employment where the services incident thereto were likely to be too heavy a task for their immature strength, or might be rendered in places and about machinery, which, because of their inexperience and thoughtlessness, would be constantly fraught with danger to them. The evident purpose was to prevent young children from entering upon these dangerous employments, and to accomplish this, the act of employing them was made a misdemeanor, to be visited with a heavy fine.

The wisdom of this legislation is strongly illus-

trated by the present case, whichever of the two theories is adopted. If it be true, as claimed by the minor, that the pile of iron panels was so carelessly placed against the post, that it was dislodged by a slight blow from his foot, and fell upon him while he was engaged in the service of his master; or, if the truth be in the theory of the defendant below, that the injury resulted from the heedlessness of the boy in making playthings of these heavy panels—in either case the propriety, if not the necessity of excluding minors from the dangers and temptations of such places, is made clear.

If the theory of the plaintiff below was correct, then, after making all proper allowance for such contributory negligence as might be attributed to a youth of his tender years, the employer would unquestionably be liable for the injury sustained. We think the same result follows upon the theory propounded by the defendant company. It had no right to employ this minor. While in its employment, on its premises and foolishly playing with panels, the property of the company, too heavy for his strength to hold, yet with boyish heedlessness disregarding this fact, this injury is inflicted upon him. Had he not been employed by this company, there is no reason to suppose he would have been on its premises, where the temptation occurred to him, to prank with these panels to his serious hurt. In each

of the propositions presented by the respective parties to the suit, we think there is causal connection between the employment ánd the injury. In the case insisted upon by the company, the liability is as clear as if the boy, in passing through the factory on his own business, yet still in the service of the master, had come in contact with a piece of machinery to his serious hurt. In such case, certainly in view of the statute in question, the employer would not be excused.

The very employment is a violation of the statute, and every injury that results therefrom is actionable. In the case presented by the plaintiff below, as well as in that adduced by the defendant company, the connection between the employment and the injury, is that of cause and effect, and brings the complainant within the operation of the statute.

In his charge, the trial Judge gave the defendant below the benefit of every rule of law that it was entitled to; in fact, in view of our construction of the statute, his instruction was most favorable. It follows, therefore, that the special request submitted to and declined by the trial Court, and the action with regard to which is made the subject of an assignment of error, was properly refused. This request is as follows: "If the proof shows that plaintiff sustained the injury in question, while not engaged in and

Iron & Wire Co. *v.* Green.

about any work for the defendant, or its agents, having authority over him, but while playing with the panels of fence, . . . then the statute in question has no application to the facts of the case, and plaintiff cannot recover."

It is further insisted that the verdict is excessive. We are unable to say that a verdict against the wrongdoer of $3,000, in favor of a boy who, before he reaches the age of twelve years, loses a leg, is the result of caprice, prejudice, or corruption on the part of the jury. This being so, we are not authorized to disturb it.

The judgment of the lower Court is, therefore, affirmed.