CASE 81.—ACTION BY BENTLEY SMITH'S ADMINISTRATOR
AGAINST THE NATIONAL COAL & IRON COM-
PANY FOR CAUSING THE DEATH OF PLAIN-
TIFF'S INTESTATE.—March 23, 1909.

## Smith's Adm'r v. National Coal & Iron Co.

Appeal from Bell Circuit Court.

M. J. Moss, Circuit Judge.

From a directed judgment for defendant, plaintiff
appeals.—Reversed.

1. Master and Servant—Injuries to Servant—Sufficiency of Evi-
dence—Employment.—In an action for the death of a boy
while working in a coal mine, evidence held to show that he
was employed by defendant's foreman.

2. Master and Servant—Unlawful Employmant of Infant—Mas-
ter's Liability.—Under St. 1909, Sec. 331a (Russell's St.
Secs. 3237-3251a(5)), making it unlawful to employ any child
less than 14 years old in a mine, read in connection with St.
1909, Sec. 466 (Russell's St. Sec. 3), permitting one injured
by the violation of a statute to recover from the offender
any damage sustained by reason of the violation, an infant
employed in a mine in violation of the statute, can recover
damages sustained in consequence of its violation, and wheth-
er the injury occurred when the boy was at his place in the
mine, or going or coming to work, was immaterial.

3. Death—Action for Death—Right of Action.—An action to re-
cover for death by wrongful act can only be maintained under
St. 1909, Sec. 6 (Russell's St. Sec. 11), enacted pursuant to
Const. Sec. 241, giving a right of action for death by wrong-
ful act; no such right of action existing at common law.

4. Death—Action—Defenses—Contributory Negligence—Neglect
of Statutory Duty.—Contributory negligence is a defense to
an action brought pursuant to St. 1909, Sec. 6 (Russell's St. Sec
11),giving a right of action for death by wrongful act, for
the death of an infant while employed in a coal mine in
violation of St. Sec. 1909, Sec. 331a (Russell's St. Secs. 3237-
3251a (5)), prohibiting the employment of infants under 14
years old in a mine.

5.  Negligence—Contributory Negligence—Infants.—An infant is
    only required to exercise such care as may reasonably be ex-
    pected from one of his age under like circumstances; the law
    recognizing his lack of mature discretion.
6.  Master and Servant—Infants—Contributory Negligence—Jury
    Question.—In an action for the death of a boy killed while
    working in a coal mine by falling between the cars while rid-
    ing out from work, whether he used ordinary care in pass-
    ing over the cars under the circumstances held for the jury.

R. S. ROSE for appellant.

Ky. Stat., Carroll Edition, 1903, 331a; Ky. Stat., 466; 45 N. Y.,
630; 60 S. W., 180; Big Hill Coal Co. v. Abney's Adm'r, 101 S. W.,
394; 30 L. R. A., p. 82, John Queene, by &c., v. Dayton Coal &
Iron Co.; Iron & Wire Co. v. Green, 108 Tenn., 161; Bailly on
Personal Injuries, Sec. 1291; Wm. Rollin, by &c., v. R. J. Reynolds
Tobacco Co., 141 N. C., 300 also 110 Ill., 648; American Car
Foundry Co., v. Amentrout, 214 Ill., 509; Alsoi 116 Ill., 121; Mor-
ris v. Stanfill, 81 Ill., 264; Mickey v. Stender, 164 Ind., 189;
Brower v. Lock, 31 Ind., 353; Wolf v. Norman & Co., 128 Iowa,
261; Sterling v. Union Carbile Co., 142 Mich., 284: Margaret Lena-
han v. Paterson Coal Mining Co., 12 L. R. A., N. S., 461; Marino
v. Lehmaris, 173 N. Y., 530, also 61 L. R. A., 811 also 48 L. R. A.
68; Chicago Coulterville Coal Co., v. Fidelity Coal Co., 130 Fed.
p. 957; Durant v. Lexington Coal Mining Co., 97 Missouri, 62, also
142 Mich., 677; Godfrey v. Baetyville Coal Co., 41 S. W., 10, secs
26, 30, 31, and 32, Ky.; City of Hendorson v. Clayton, 57 S. W., p.
1; Monteith v. Kokimo Wood Enameling Co., 58 L. R. A., p.
Thompson on Negligence, Sec. 10; White on Personal Injuries
in Mines, Sec., 16; Andriacus Adm'r v. Pineville Coal Co., 90 S.
W., 235; Sutton's Adm'r v. Wood, 85 S. W., p. 201; Hollingsworth
v. Pineville Coal Co., 74 S. W., 205; Mosley's Adm'r v. Black Dia-
mond Coal & Coke Mining Co., 109 S. W., 306.

BARKER & WOODS AND D. B. LOGAN for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Re-
versing.

Bentley Smith lost his life in the mine of the Na-
tional Coal & Iron Company, and this action was
brought to recover for his death under section 6, Ky.
St. (Russell's St. Sec. 11), on the ground that his

death resulted from an injury inflicted by the negligence or wrongful act of the company, in this, that he was under 14 years of age and had been employed by the company in violation of the statute, which then read as follows: "That it shall be unlawful for a proprietor, foreman, owner or other person to employ any child less than fourteen years of age in any workshop, factory, or mine, in this state; that unless said proprietor, foreman or owner shall know the age of the child, it shall be his or their duty to require the parent or guardian to furnish a sworn statement of its age, and any swearing falsely to such by the parent or guardian shall be perjury and punishable as such." Section 331a, Ky. St. (Russell's St. Sections 3237-3251a 5). This statute is to be read in connection with section 466, Ky. St. (Russell's St. Sec. 3): "A person injured by the violation of any statute may recover from the offender such damage as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed."

The plaintiff showed on the trial these facts: Bentley Smith was the son of Elliot Smith, who was a miner regularly employed in the mine. He took his son on one occasion to the mine and asked the foreman if he would let the boy work with him. The foreman asked him how old he was. He answered that he was not 14. The foreman then said that he was too young to work in the mine, and the boy was sent home. Shortly after this, about the 1st of May, Elliot Smith was injured in the mine so he could not work. His little boy then said to him: "I want to work in the mine. You are mashed up, and our house rent is to pay, and we have got to live." The father told him not to go in the mine, but notwithstanding

this he did go to work in the mine, getting out coal on his father's number. When he went in the foreman said to the boy, "Son, you have to work now, do you, since your father got hurt?" The boy said, "Yes, sir," and he went on in the mine. The foreman came around where the boy was at work, showed him how to shovel, and told him how to run under the coal. The coal which the boy got out was weighed by the man who weighed the coal for the other miners, and was credited to his father, amounting to $10.58. The company kept the money for the rent of the house in which the family lived. On the 18th of May about noon, when a shot was to be fired, the boy started out of the mine, and, as was customary with the miners, rode out on the loaded cars of coal. There were six or seven cars in the train. The boy got up on the rear car. A friend of his was on the car next to the front. There were quite a number of men on the cars. The boy was walking over the cars toward the front, when he fell between the third and fourth car and was run over and killed. On this proof the circuit court instructed the jury peremptorily to find for the defendant apparently on the idea that the death of the child was due to his own act in walking over the cars. It is insisted that the court properly so instructed the jury, as he was not then serving the master, and his injury was due to his own want of care.

The boy was serving the master in the mine. He had been getting out coal all the morning. It was necessary that he should leave the mine at noon when the shots were fired. In leaving the mine he was in the regular course of his duty, and it was customary for all the miners to ride out on the cars or to ride in on them. The statute which forbids the employ-

ment of children in mines is for their protection. It was a violation of the statute for the child to be employed in the mine. The evidence was plainly sufficient to show that he was employed; and, as he was injured in the mine while going from his place of work to the shaft, it cannot be said that he was not injured in the course of his employment in the mine. The statute made it unlawful for him to be employed in the mine, and whether he was injured while at his work in the mine, or in going to his work or coming from his work, is immaterial. It has been held by this court in several cases that, where a statute prohibits a thing for the benefit of a person, he may maintain an action to recover damages sustained by reason of the violation of the statute. City of Henderson v. Clayton, 57 S. W. 1, 22 Ky. Law Rep. 283, 53 L. R. A. 145; Hutchison v. L. & N. R. R. Co., 108 Ky. 619, 57 S. W. 251; City of Henderson v. O'Haloran, 114 Ky. 188, 70 S. W. 662, 59 L. R. A. 718, 102 Am. St. Rep. 279; Sutton v. Wood, 120 Ky. 23, 85 S. W. 201. We see no reason why this principle should not be applied to infants who are injured when employed in violation of the statute, for manifestly the purpose of the statute is to protect infants from the dangers attending the forbidden employments, which by reason of their youth they would not fully appreciate. While there is some conflict in the authorities, the weight of authority seems in favor of the rule that the breach of the statute is actionable negligence whenever it is shown that the injuries were sustained in consequence of the employment. Queen v. Dayton Coal Co., 95 Tenn. 458, 32 S. W. 460, 30 L. R. 82, 49 Am. St. Rep. 935; Rolin v. Reynolds Tobacco Co., 141 N. C. 300, 53 S. E. 891, 7 L. R. A. (N. S.) 335; American Car Co. v. Armentraut, 214 Ill. 509, 73 N. E. 766;

Nickey v. Steuder, 164 Ind. 189, 73 N. E. 117; Iron & Wire Co. v. Green, 108 Tenn. 164, 65 S. W. 399; Sterling v. Union Carbide Co., 142 Mich. 284, 105 N. W. 755; Woolf v. Nauman Co., 128 Iowa, 261, 103 N. W. 785; 1 Thompson on Negligence, Sec. 10; 2 Labatt on Master & Servant, 2177.

This is an action to recover for the death of the intestate. No cause of action existed at common law to recover for death, and an action to recover for the death of a person can only be maintained in this state by virtue of section 6, Ky. St., enacted pursuant to section 241 of the Constitution. It is well settled that contributory negligence may be pleaded as a defense to an action brought under this section. Passamaneck v. Louisville, etc., R. R. Co., 98 Ky. 195, 32 S. W. 620; Clark v. L. & N. R. R. Co., 101 Ky. 34, 39 S. W. 840. As the action can only be maintained under the statute referred to, and as contributory negligence may be pleaded as a defense to an action under the statute, it necessarily follows that contributory negligence may be relied on by the defendant in bar of the plaintiff's action. A child under 14 years of age is only required to exercise such care as may be reasonably expected of a child of his age under like circumstances. The law takes into consideration that children lack the discretion of grown persons, and that a child under 14 years of age may reasonably be expected to do things which an older person would not do. Whether the intestate used ordinary care in passing over the cars as he did is a question for the jury. Ornamental Iron, etc., Co. v. Green, 108 Tenn. 161, 65 S. W. 39. Of course, as we have not the proof of the defendant before us, we now only pass upon the case as presented by the proof for the plaintiff. On the proof for the plaintiff the court should have

refused to give a peremptory instruction to the jury to find for the defendant.

Judgment reversed, and cause remanded for a new trial, and further proceedings consistent herewith.

BARKER, J., not sitting.