MOORE & McFERREN *v.* JAMES FLETCHER.

(*Jackson.*   April Term, 1921.)

1. **MASTER AND SERVANT.** Declaration held not to allege violation of Child Labor Law.

A declaration for injuries to a minor employee setting out the acts of negligence constituting the proximate cause of injury, but not including violation of the Child Labor Law (Shan. Code, section 4433a84 et seq.), *held* not sufficient to count on such statute, though it was alleged that plaintiff was a "minor of tender years." (*Post, pp.* 100-102.)

Code cited and construed: Sec. 4433a84 (S.).

2. **NEGLIGENCE.** Proof confined to acts alleged.

Where a pleader undertakes specifically to set forth the acts of negligence which constitutes the proximate cause of the injury, he cannot rely on other acts of negligence. (*Post, pp.* 102, 103.)

Cases cited and approved: East Tennessee Coal Co. v. Daniel, 100 Tenn., 65; Railwood Co. v. Lindamood, 111 Tenn., 457.

3. **PLEADING.** What declaration must allege to count on violation of statute stated.

Where a declarant relies on a violation of a statute and does not specifically refer to the statute, but undertakes to state facts which constitute a breach thereof, it is incumbent on him to state all of the facts necessary to constitute such breach, so that defendant *pp.* 103-105.)

Cases cited and approved: Iron & Wire Co. v. Green, 108 Tenn., 161; Harrison v. Roscoe, 139 Tenn., 511.

Case cited and distinguished: Finley v. Furniture Co., 119 Tenn., 698.

145 Tenn.—7

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. H. W. LAUGHLIN, Judge.

MARSILLIOT & BUSBY, for plaintiff.

Jos. H. NORVILLE, for defendants.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

James Fletcher, hereinafter referred to as the plaintiff, a minor thirteen years of age, while in the employ of Moore & McFerren, who will be referred to as the defendants, had several of his fingers amputated by a cut-off saw in their box factory in Memphis.

It appears that plaintiff and another boy by the name of Chandler, while not engaged in their regular work, and without the knowledge of Moore & McFerren, were playing with said cut-off saw, resulting in injury to the plaintiff, which is the basis of this suit.

The case was tried twice in the lower court. On the first trial, at the conclusion of plaintiff's evidence, a motion for a directed verdict by the defendants was sustained by the trial judge, but a motion for a new trial by plaintiff was granted and said verdict set aside, to which action the defendants duly excepted. Thereupon the defendants filed a motion for a new trial, which the

trial court overruled, and to which action they excepted, and their exceptions and objections were preserved by a wayside bill of exceptions, which constitutes a part of the record in this cause.

Upon the second trial there was a verdict in favor of the plaintiff for $500.

Upon an appeal the court of civil appeals reversed the case upon the ground of errors committed by the trial court in his charge, and remanded the case for a new trial. Both parties have filed petitions for writs of *certiorari* in this court.

The defendants, Moore & McFerren, first assign as error the action of the court of civil appeals in sustaining the lower court in its refusal to grant defendants a new trial. In other words, it is insisted by the defendants that the lower court on the first trial correctly sustained their motion for a directed verdict, and committed error in setting said verdict aside.

On behalf of the plaintiff it is insisted that he was employed in violation of the Child Labor Law (Shannon's Code section 4433a84 et seq.), which prohibits the employment of any child under sixteen years of age in any factory where machinery is operated, and that such employment constitutes negligence and makes the employer liable for any injuries received by an employee by virtue of such employment.

As we understand the record, it is not insisted that on the first trial any other act of negligence was proven except that of employing plaintiff in violation of law.

On the other hand, it is contended by the defendants that the suit is not based upon a violation of the Child

Labor Law, that the declaration contains no specific charge of a violation of such law, and that the facts set forth in the declaration do not constitute a violation of said law, and hence that they were without notice that such a claim would be made.

There were two counts in the declaration. Both counts contain the following recitation, which plaintiff insists constituted notice that he was relying upon a violation of the Child Labor Law, to-wit:

"On said date the defendants employed the plaintiff to work in said factory, he being a minor of tender years, the defendants well knowing this fact, and also well knowing that he had no knowledge of nor experience with such machinery as that of the defendants, and also knowing that he did not know nor appreciate the perils to which he would be subjected in the service of the defendants."

In the first count the acts of negligence specifically set forth and relied upon are thus alleged:

"And plaintiff avers that the defendants were guilty of gross negligence in the premises as follows: In assigning and ordering plaintiff to work at said saw and machines.

"In failing to place guards, screens, or fenders over or before or about said saw for the protection of its employees.

"In failing to place guards or other protection or attachment to or at said pedal to provide against inadvertent, unintentional, or careless contact with or pressure on the same.

"In failing to warn the plaintiff of the perils of said saw, and in failing to instruct him how to avoid them, and also in divers others respects, and in assigning and ordering him to work at said machines.

"The plaintiff avers that he suffered each and all of the wrongs, injuries, and damages, aforesaid by reason of the negligence of the defendants, which was the proximate cause thereof, without fault or negligence on his part."

In the second count the negligence relied upon is thus stated:

"And plaintiff avers that the defendants were guilty of gross negligence in the premises in retaining said Chandler in its service as operator of said machine and saw and in assigning and ordering plaintiff to work at said saw and machines, and that said negligence of the defendants was the proximate cause of his injury, without fault or negligence on his part."

From the foregoing statements we are of the opinion that the declaration, by any fair intendment, cannot be said to be based upon said Child Labor Law, nor does it allege a violation of said law.

It is not contended that the declaration expressly charges a violation of said law, but it is insisted that the facts, as alleged in the declaration, constitute a transgression of said statute. This would be true had the declaration averred that the plaintiff was under sixteen years of age. Every allegation in the declaration can be true and still the defendants not be guilty of violating the Child Labor Law. Suppose the plaintiff had been sixteen years of age at the time of his employment, as appeared from the affidavit of his mother; it could be truly said that "he was a minor of tender years." It is necessary, therefore, to read the age of the plaintiff into the declaration before it can be said to allege a state of facts which constitute a violation of the Child Labor Law.

That the pleader did not have the act in question in mind is further emphasized by the fact that he undertook to specifically set forth the acts of negligence which constituted the proximate cause of the injury, and under our authorities, where he undertakes to do this, he cannot rely upon other acts of negligence. *East Tennessee Coal Co.* v. *Daniel,* 100 Tenn., 65, 42 S. W. 1062; *Railway Co.* v. *Lindamood,* 111 Tenn., 457, 78 S. W., 99.

The declaration does not allege that the defendants were guilty of negligence in employing the plaintiff, or that they were guilty of negligence in employing him when he was only thirteen years of age, or in employing him when he was under sixteen years of age, or in employing him in violation of the Child Labor Law; and hence it is apparent that such negligence was not relied upon by the party drafting the declaration.

Assuming that the employment was in good faith, based upon the belief that the plaintiff was sixteen years of age, as sworn to by his mother, then we are unable to find anything in the declaration which gives notice to the defendants that a recovery is sought against them upon the ground that they had employed the plaintiff in violation of law.

The mother of the plaintiff made an affidavit on the 25th of October, 1917, which was the day of his employment by the defendants, in which she stated that plaintiff was born at Mt. Pleasant, Tenn., on September 16, 1901.

Again, if it were intended to charge the defendants with negligence in employing the plaintiff because violative of law, this, under the authorities, entitled the plain-

tiff to a recovery, and it was unnecessary to specifically and fully set forth the various grounds of negligence which it was alleged in the declaration constituted the proximate causes of the injury.

Furthermore, some seven months after the first trial, and after a change of counsel, the declaration was amended so as to charge that the plaintiff had been employed contrary to the Child Labor Law.

Where a declarant relies upon a violation of a statute, and does not specifically refer to the statute, but undertakes to state facts which constitute a breach thereof, it is incumbent upon such pleader to state all of the facts necessary to constitute such breach so that the defendant can be duly apprised of the charge which he is to defend.

The words "he being a minor of tender years" cannot be construed to mean that plaintiff had been employed in violation of law. So far as we are advised this term has no legal significance and would apply as well to a sixteen year old child as it would to one thirteen years of age.

Counsel for the plaintiff cite several decisions of this court, which he insists support his contention that the declaration charges a violation of the Child Labor Law, the first case being that of *Iron & Wire Co.* v. *Green,* 108 Tenn., 161, 65 S. W., 399. In that case it was held that where a company employed a minor in violation of law it was liable for any damage sustained resulting from such employment.

The question under consideration is not referred to in the case or discussed in the opinion, and that case is no authority here. In the absence of a contrary holding,

we will assume that the declaration alleged that the plaintiff was of such age as to make his employment unlawful.

The next case relied upon is that of *Finley* v. *Furniture Co.*, 119 Tenn., 608, 109 S. W., 504. In that case this court said:

"Each declaration contains two counts. In each of the counts recovery is sought, not only on the ground of negligence on the part of the defendant in the operation of the elevator on which the injury occurred, but especially by reason of the fact that the injured party was an infant under fourteen years of age. The first count in both declarations would have supported the action, without more, had it proved to be a fact that he was in the service of this corporation, hurt in that service, and under fourteen years of age. This count declared on the facts of the case, and, without more, was sufficient to sustain the action. *Iron & Wire Co.* v. *Green,* 108 Tenn., 161, 65 S. W., 399. The second count in each declaration declared upon the statute which makes it a misdemeanor to employ children in a manufactory, such as that of the defendant, when fourteen years of age, but by inadvertence referred to the statute in question as chapter 159 of the Acts of the General Assembly of Tennessee of 1901, while in fact it was chapter 34 of these acts. As has been said, a recovery could have been rested upon the first count of each of these declarations. No amendment was required of that count. As to the second count, the slip of the pen just referred to was so unimportant and immaterial that the mere suggestion to the court would have been sufficient for leave to make the correction, and, even if made in the midst of a trial, no judge would have on that account granted a continuance of the case."

It thus appears that the first count alleged that plaintiff was under fourteen years of age, while the second count alleged specifically a violation of the statute.

The last case cited is that of *Harrison* v. *Rascoe,* 139 Tenn., 511, 202 S. W., 69. In that case the declaration averred that the plaintiff was only eleven years of age, which constituted a violation of the Child Labor Law.

The cases, just referred to more nearly support the position of the defendants, for in each case the age of the plaintiff was alleged in the declaration, thus presenting a state of facts which constituted a violation of the statute, and which evidences the fact that the draftsmen of such instruments deemed this an essential averment.

The judgment of the court of civil appeals will be reversed, and the suit of the plaintiff will be dismissed.