MARIE MANNING *v.* AMERICAN CLOTHING CO.

.   (*Knoxville.* September Term, 1922.)

1. **MASTER AND SERVANT.** Unlawful employment negligence per
se.

The employment of an infant under fourteen years of age, in vio-
lation of Acts 1911, chapter 57, and Acts 1917, chapter 77, con-
stitutes *per se* such negligence as renders the employer liable for
all injuries sustained by the infant in the course of the employ-
ment, without contributory negligence on the part of the infant.
(*Post, p.* 281.)

Acts cited and construed: Acts 1911, ch. 57; Acts 1917, ch. 77; Acts
1919, ch. 123.

Case cited and approved: Queen v. Dayton Coal & Iron Co., 95 Tenn.,
458.

2. **MASTER AND SERVANT.** . Contributory negligence of infant em-
ployee held for jury.

Whether. an employee ten days short of fourteen years of age was
guilty of contributory negligence in stepping into an elevator
shaft, while employed in a factory in violation of Acts 1911, chapter
57, and Acts 1917, chapter 77, *held* for the jury.   (*Post, pp.* 281,
282.)

Cases cited and approved: Finley v. Furniture Co., 119 Tenn., 698;
Iron & Wire Co. v. Green, 108 Tenn., 161; Rolin, by Next Friend,
v. R. J. Reynolds Tobacco Co., 141 N. C., 300.

3. **MASTER AND SERVANT.** Compensation Act inapplicable to in-
fant unlawfully employed.

---

*On employment of child in violation of statute as negligence
which will sustain an action by the child for personal injuries see
notes 1 B. R. C., 629; 7 L. R. A. (N. S.), 335 and 48 L. R. A.· (N. S.),
656.

On Workmen's Compensation acts, applicability and effect of, in
case of injuries to minors illegally employed see note 14 A. L. R., 819.

Manning v. American Clothing Co.

The Workmen's Compensation Act has no application in case of injuries to an infant employed in violation of Acts 1911, chapter 57, and Acts 1917, chapter 77. (*Post, pp.* 282-284.)

Acts cited and construed: Acts 1917, ch. 77; Acts 1911, ch. 57.
Cases cited and approved: Zurasky v. Handycap Co., 210 Ill. App., 254; Acklin Stamping Co. v. Kutz, 98 Ohio St., 61.

4. **MASTER AND SERVANT.** Infant employee not bound by election under Compensation Act.

An infant employed in violation of Acts 1911, chapter 57, and Acts 1917, chapter 77, is not bound by her election to claim compensation under the Workmen's Compensation Act, in view of her minority, and may bring an action at law for damages for injuries suffered, although a guardian was appointed for her under such act, and some payments were received by him. (*Post, p.* 284.)

Case cited and approved: Stetz v. F. Mayer Boot, etc., Co., 163 Wis., 151.

5. **MASTER AND SERVANT.** Infant employee unlawfully employed entitled to sue for injuries without returning payments to guardian under Compensation Act.

An infant employed in violation of Acts 1911, chapter 57, and Acts 1917, chapter 77, is not precluded from maintaining an action at law for damages by reason of her failure to return, or offer to return, a sum paid to a guardian appointed under the Workmen's Compensation Act; the infant not having received the sum herself, and its payment to the guardian being unauthorized and not binding on her. (*Post, pp.* 284, 285.)

Case cited and approved: Turney v. Railroad, 127 Tenn., 673.

---

FROM KNOX.

---

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. VON A. HUFFAKER, Judge.

S. E. HODGES, AYERS & BROUGHTON and R. L. POPE, for plaintiff in error.

A. C. GRIMM, JOHN M. CATE and STEINMETZ & MITCHELL, for defendant in error.

MR. JUSTICE HALL delivered the opinion of the Court.

An action of damages instituted by Marie Manning, plaintiff below (plaintiff in error here), by her next friend, Alex Manning, against American Clothing Company, in the circuit court of Knox county, seeking a recovery for injuries alleged to have been sustained by plaintiff in error while in the employ of defendant in error.

Upon the trial in the court below, at the conclusion of all the evidence, the trial judge directed a verdict in favor of the defendant in error, upon its motion, on the ground that plaintiff in error was guilty of contributory negligence that directly and proximately contributed to her injuries, and therefore was not entitled to recover.

In accordance with the verdict so directed a judgment was entered, dismissing plaintiff in error's suit, from which she appealed to the court of civil appeals. That court affirmed the judgment of the trial court, and the case is now before this court upon writ of *certiorari*, and for review.

Plaintiff in error's declaration, setting forth her cause of action, contains two counts. The first count is based on the common-law negligence of the defendant in error. While the second count is predicated on the illegal employment of plaintiff in error by defendant in error in its factory in violation of the child labor statutes of this State then in force. Plaintiff in error, in the first count of her declaration, avers that she was employed by defendant in error to work in its factory; that her place of work

was on the fourth floor of said factory, and that on November 28, 1919, while still in the employ of defendant in error, she entered its factory for the purpose of going to her usual place of work on the fourth floor; that on account of the negligence and carelessness of defendant in error and its employees the door or gate to its elevator, upon which plaintiff in error was sometimes conveyed to her place of work, had been left open, and the plaintiff in error, who intended to use said elevator in going to her place of work, seeing said elevator gate or door standing open, believed that the elevator was there ready to transport her to her usual working place, as had been done on previous occasions, and, intending to step on said elevator, stepped into said opening or shaft and fell to the basement below, and was seriously injured; the elevator, at the time, was, in fact, at one of the upper floors of defendant in error's building, but this fact was unknown to plaintiff in error, and, owing to the poorly lighted condition of said building, and especially that portion of said building at and near said elevator shaft, plaintiff in error was prevented from discovering the absence of the elevator at said opening, though she was in the exercise of due and proper care.

In the second count it is averred that plaintiff in error, at the time she sustained the injuries complained of, was under fourteen years of age, and that her employment by defendant in error was in violation of the child labor statutes (chapter 57, Acts of 1911, and chapter 77, Acts of 1917), and that her employment was therefore unlawful, and for this reason defendant in error was liable for her injuries.

To this declaration defendant in error filed a special plea, averring, in substance, that at the time plaintiff in

error sustained her injuries both she and defendant in error were operating under the Workmen's Compensation Act (chapter 123, Acts of 1919), and that her exclusive remedy for compensation for her injuries was provided by said act, and that she was not entitled to prosecute a common-law action against defendant in error for damages, and that her suit should be dismissed.

To this plea plaintiff in error filed a demurrer on the ground that the Workmen's Compensation Act does not apply to a minor whose employment is in violation of the child labor statutes of this State.

The court sustained plaintiff in error's demurrer to said plea, and thereupon defendant in error filed a plea of not guilty, and coupled with this plea a special plea averring that both plaintiff in error and defendant in error had elected to be bound by the provisions of the Workmen's Compensation Act, and that after plaintiff in error sustained her injuries defendant in error paid to her, and she accepted, in accordance with the terms of said act, compensation for thirty consecutive weeks, and that defendant in error had offered to continue payments under the terms of said act, but that plaintiff in error had refused to receive the same; that plaintiff in error was therefore without other or further remedy.

Plaintiff in error moved to strike this second plea of defendant in error relying on the Workmen's Compensation Act, which motion was sustained by the court.

The case then went to trial on defendant in error's plea of not guilty, with the result hereinbefore stated.

The court of civil appeals was of the opinion that plaintiff in error's right to recover was not only barred by her contributory negligence, but that she was precluded from

recovering on the additional ground that she had elected to claim and receive compensation under the Workmen's Compensation Act, and was therefore bound by such election. The holding of the court of civil appeals, in both aspects, is assigned for error in this court.

Plaintiff in error lacked a few days of being fourteen years of age at the time she was injured. She had been working for defendant in error for about ten days prior to the date of sustaining her injuries, which was on November 28, 1919. Defendant in error was engaged in the manufacture of men's clothing, and its factory was located on Jackson avenue in the city of Knoxville. Plaintiff in error's place of work was on the fourth floor. In going to her place of work, after entering the building on the first or ground floor, plaintiff in error usually used the steps or stairway, which led to the several floors of the building, but sometimes was conveyed to her place of work by means of an elevator in the building. On the morning she sustained her injuries she entered the building at about 6:45 a. m. for the purpose of beginning her work at 7 a. m., in accordance with a rule of defendant in error. She says that it was usual and customary for her to go to her place of work a few minutes ahead of time. She testified that when she entered the building she intended to use the elevator in going to her place of work, and immediately went to the elevator shaft, and, seeing the gate up, she thought the elevator was at its proper place, but the elevator had been removed to one of the upper floors without plaintiff in error's knowledge, and plaintiff in error, intending to step on the elevator, fell through the shaft to the basement below and fractured her hip. There was a light which usually burned in front of this elevator, but

on this particular morning the proof tends to show that the light was not burning, and the absence of this light rendered the area or space in front of the elevator shaft dark, thus preventing the plaintiff in error from noting the absence of the elevator.

There was evidence offered by the defendant in error which tended to show that this elevator was not used generally for conveying employees to their places of work, but was only used for carrying freight and for conveying the forewomen and a crippled female employee, who worked in defendant in error's factory, to and from their places of work; that it was against the rules of defendant in error for other employees to use said elevator in going to and from their work, and that a sign was maintained on the gate of the elevator, notifying the employees of defendant in error that its use was prohibited by them.

Plaintiff in error, however, testified that she had not been instructed that the use of the elevator was prohibited by employees generally, or that it was against any rule of defendant in error to use said elevator in going to and from her place of work. She further testified that she had never seen any sign or warning on the gate, or any other portion of the elevator, warning employees not to use it, and that her attention had never been called to any such sign. She says that she did not see such sign at the time she attempted to step on the elevator the morning she was injured. She says if the sign were on the gate of the elevator she could not have seen it because the gate was up, and the sign would have been concealed. She says she had frequently seen various employees of the defendant in error use the elevator in going to their places of work, and that she had used it on more than one occasion herself when

Miss Evelyn Wilson would be operating the elevator, and that Miss Wilson, on this particular morning, was going to take her up on the elevator. She says that Miss Wilson frequently operated the elevator, and conveyed other employees to their places of work. Plaintiff in error says that she had never been informed by anybody that the use of the elevator by employees was prohibited by the rules of the company. That she had never been given any instruction concerning its use.

It was held by this court in *Queen v. Dayton Coal & Iron Co.*, 95 Tenn., 458, 32 S. W., 460, 30 L. R. A., 82, 49 Am. St. Rep., 935, that the employment of an infant in a mine, in violation of a statute forbidding such employment and declaring it a misdemeanor, constitutes *per se* such negligence as renders the employer liable for all injuries sustained by the infant in the course of the employment.

To the same effect is the holding of this court in the cases of *Finley v. Furniture Co.*, 119 Tenn., 698, 109 S. W., 504, and *Iron & Wire Co. v. Green*, 108 Tenn., 161, 65 S. W., 399.

In *Queen v. Dayton Coal & Iron Co.*, supra, it was held that, while the defense of the minor's contributory negligence is available in his suit for injuries sustained while employed in violation of the statute forbidding such employment, the court should explain fully to the jury the degree of care required of minors. On this point the court said:

"It is hardly necessary to add that contributory negligence on the part of a minor is to be measured by his age and his ability to discern and appreciate circumstances of danger. He is not chargeable with the same degree of care as an experienced adult, but is only required to exer-

cise such prudence as one of his years may be expected to possess."

In *Rolin, by Next Friend,* v. *R. J. Reynolds Tobacco Co.,* 141 N. C., 300, 53 S. E., 891, 7 L. R. A. (N. S.), 335, 8 Ann. Cas., 638, it was held that the question of whether a child is guilty of contributory negligence in any given case is a question for the jury, in view of his age, intelligence, knowledge of the surroundings, and capacity to know and appreciate the danger.

To the same effect is the rule announced in 29 Cyc., 540.

In 20 R. C. L., p. 127, section 106, it is said that children between the ages of seven and fourteen years may or may not be guilty of contributory negligence, depending upon their mental development and other circumstances; the presumption being that incapacity continues during this period.

We think the question of plaintiff in error's contributory negligence in this case was one for the jury, and could not be determined, as a matter of law, by the court.

We are also of the opinion that the Workmen's Compensation Act has no application in the determination of the plaintiff in error's right to recover in the action under consideration. While there is some conflict of authority upon the question, the rule is announced by the great weight of authority to be that the employment contemplated by the provisions of the Workmen's Compensation Acts is a lawful employment, and that these acts are inapplicable in case of an injury to a minor whose employment is unlawful. *Zurasky* v. *Handycap Co.,* 210 Ill. App., 254; *Acklin Stamping Co.* v. *Kutz,* 98 Ohio St., 61, 120 N. E., 229, 14 A. L. R., 812, and the long list of cases contained in the annotation to said case, on pages 819 and 820, of 14 A. L.

R.   These cases proceed on the theory that a minor who is employed in violation of a statute enacted for the protection of children is not an employee within the meaning of that term as used in the Workmen's Compensation Acts.

By chapter 57 of the Public Acts of 1911 it is provided in section 1 of said act as follows: "That it shall be unlawful for any proprietor, foreman, owner, or other person, to employ, permit, or suffer to work any child less than fourteen years of age in, about, or in connection with any mill, factory, workshop, laundry, telegraph or telephone office, or in the distribution or transmission of merchandise or messages."

By section 6 of said act it is made a misdemeanor for any person to employ any such child in violation of section 1, and upon conviction the person so employing such child shall be fined not less than $25 nor more than $250 in the discretion of the court.

It is therefore manifest that plaintiff in error's employment by defendant in error in its factory was unlawful, and the Workmen's Compensation Act is inapplicable for the reason that the employment of minors therein provided for has reference to minors whose employment is not prohibited by statute.

The next question to be considered is whether or not the court of civil appeals erred in holding that plaintiff in error's right to recover is precluded by her claiming and accepting compensation from the defendant in error under the Workmen's Compensation Act.

It appears that after plaintiff in error sustained her injuries a guardian was appointed for her under the provisions of the Workmen's Compensation Act: her foster father being appointed in that capacity, and there was paid

to him as such guardian, for the benefit of plaintiff in error by defendant in error, the sum of $150 as compensation for her injuries in accordance with the terms and provisions of the Workmen's Compensation Act.

After she had received payments at the rate of $5 per week for thirty weeks, and after she had sought advice and learned that the Workmen's Compensation Act was not applicable to her rights in the premises, she refused to receive further payments from defendant in error, and, her guardian having refused to bring the present action for damages, the same was brought by her husband and next friend in her name, she having in the meantime married one Alex Manning.

We are of the opinion that plaintiff in error is not bound by her election to claim compensation under the Workmen's Compensation Act, in view of her minority. As before stated, the Workmen's Compensation Act had no application to her cause of action. The appointment of a guardian for her was therefore unauthorized, as were the payments made to him by defendant in error. The guardian's power is limited by law, and his acts which the law does not sanction are not binding on his ward. *Setz v. F. Mayer Boot, etc., Co.*, 163 Wis., 151, 156 N. W., 971, Ann. Cas., 1918B, 675.

Neither do we think plaintiff in error is precluded from maintaining the present action for damages by reason of her failure to return, or offer to return, the sum paid to the guardian by defendant in error under the Workmen's Compensation Act. Plaintiff in error did not receive this sum herself, and its payment to the guardian appointed was unauthorized and not binding on her. *Turney v. Railroad*, 127 Tenn., 673, 156 S. W., 1085.

Manning v. American Clothing Co.

It results that the judgments of both the court of civil appeals and the trial court will be reversed for the reasons stated, and the case is remanded to the circuit court for a new trial.

Defendant in error will be taxed with the costs both in this court and the court of civil appeals.