Margie C. **ROBERTSON**, Executrix of the Estate of Clark H. Vinson, Appellant,

v.

David **VINSON**, Administrator of the Estate of Clark H. Vinson, Appellee.

No. 1999–SC–1002–DG.

Supreme Court of Kentucky.

Oct. 25, 2001.

Robert L. Catlett, Jr., Segal, Isenberg, Sales, Stewart & Cutler, Louisville, Counsel for Appellant.

J. Bart McMahon, Michael R. McMahon, McMahon & McMahon, Louisville, Counsel for Appellee.

STUMBO, Justice.

■ The sole issue in this case is whether the proceeds of uninsured motorist (UM) coverage should be distributed to the sole beneficiary of the decedent's will or to his intestate heirs. We hold that the proceeds belong to the heirs.

The relevant facts are not in dispute. An uninsured motorist killed Clark Vinson, decedent, in a traffic accident on December 13, 1997. Decedent's automobile insurance provided UM coverage. Margie C. Robertson, Appellant, was the decedent's live-in girlfriend, to whom he had left his entire estate. She subsequently became the executrix of his estate. The decedent also had three adult children, one of whom is the appellee, David Vinson. Vinson was appointed Administrator of his father's estate for the sole purpose of proceeding with a wrongful death action on behalf of the "decedent's intestate heirs."

Appellee filed a complaint in Jefferson Circuit Court seeking a declaration of rights under KRS 418.040. He moved for summary judgment, claiming that he and his sisters were entitled to recover the UM proceeds under the wrongful death statute, KRS 411.130. Appellant also filed for summary judgment, claiming that she was entitled to the UM proceeds because the wrongful death statute limits recovery for wrongful death to damages from the person who caused it. The Jefferson Circuit Court granted Vinson's motion for summary judgment. Robertson appealed and the Court of Appeals affirmed the trial court. We granted discretionary review.

The Appellant argues that UM proceeds represent payment under a first party contract between the insured, decedent, and his insurance company, State Farm Mutual Automobile Insurance Company, pursuant to *Coots v. Allstate Insurance.*, Ky., 853 S.W.2d 895, 898 (1993). She argues that the proceeds are not damages for tort liability under KRS 411.130; therefore, any recovery by virtue of the decedent's UM coverage cannot pass under the wrongful death statute to the statutory heirs, but must go to the estate. Appellant claims that she is entitled to the UM benefits as part of a satisfaction of a contractual obligation. She supports this contention stating that recovery in wrongful death in Kentucky is limited to damages in tort from the tortfeasor. That is, had the legislature intended for recovery under the wrongful death statute to include payments made by the decedent's own insurance company under its UM contract, it would have said so. Instead, the wrongful death statute was amended after Kentucky's UM coverage statute came into effect and the legislature did not modify the wrongful death statute to include pay-

ment by an insurance carrier in satisfaction of its contractual obligation to provide UM coverage.

■ Conversely, the Appellee argues that UM proceeds payable under KRS 304.20–020 for the death of the insured must flow pursuant to the Commonwealth's wrongful death statute, KRS 411.130. Contrary to Appellant's argument, Appellee contends that these proceeds are considered damages because the injured party's own insurance company covers the financially irresponsible tortfeasor, if and only if, the victim is legally entitled to collect damages according to tort law. That is, "the purpose and intent of the [UM] statute is to treat the insured victim as if the tortfeasor is insured...." *Wine v. Globe American Casualty Co.,* Ky., 917 S.W.2d 558, 565 (1996). Hence, the UM carrier stands in the wrongdoer's shoes for purposes of paying damages under KRS 411.130.

The wrongful death statute provides that when "the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it...." KRS 411.130(1). When the person who wrongfully or negligently caused the injury or death is uninsured, UM coverage allows the insured motorist to recover. That is, UM coverage provides "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, ... including death, resulting therefrom...." KRS 304.20–020(1). Therefore, as the Court of Appeals correctly stated, "UM benefits payable as a result of an insured's wrongful death must be distributed consistent with the dictates of KRS 411.130." *Robertson v. Vinson,* No. 1998–CA–001941–MR, slip

op. at 4, 1999 WL 797961 (Ky.Ct.App. Oct. 8, 1999).

■ Accordingly, in the case at bar, the intestate heirs are the recipients of the UM proceeds. The wrongful death statute states that, in the absence of a spouse, the amount recovered for a wrongful death must go to the decedent's children. KRS 411.130(2)(c). Appellant was not married to the decedent and therefore is not a spouse. As a result, the Appellee and his siblings should receive the UM proceeds. Furthermore, the language of the contract between the decedent and the insurance company states that the insurance company "will pay any amount due [under the UM coverage] ... to a person authorized by law to receive such payment." State Farm Policy 663 2959 B06 17F, Page 21 of Section III, Uninsured Motor Vehicle Coverage–U. In cases of wrongful death, those persons authorized by law to receive such UM payments are enumerated in KRS 411.130(2).

For the foregoing reasons, the judgment of the Court of Appeals is affirmed and remanded to the Jefferson Circuit Court for action in conformity with this opinion.

LAMBERT, C.J., KELLER and WINTERSHEIMER, JJ., concur.

COOPER, J., concurs by separate opinion, with GRAVES and JOHNSTONE, JJ., joining that concurring opinion.

COOPER, Justice, concurring.

I concur in the result reached by the majority. I write separately to clarify the reason for my concurrence.

As usual, the insurance policy that is the subject matter of this lawsuit is not in the record. Assuming, however, that the uninsured motorists coverage of the policy complied with the statute that required its

inclusion in the policy, *i.e.*, KRS 304.20–020(1), coverage was provided for insured persons "who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of ... death, resulting therefrom...."

The only legal entitlement to recover damages for wrongful death in Kentucky is provided by Section 241 of the Constitution and KRS 411.130. There is not and never has been a common law right of action for wrongful death in Kentucky. *Smith's Adm'r v. National Coal & Iron Co.*, 135 Ky. 671, 117 S.W. 280, 281 (1909); *Eden v. Lexington & Frankfort R.R. Co.*, 53 Ky. (14 B.Mon.) 204, 205 (1853). "The maxim, 'Actio personalis moritur cum persona,' was the uniform rule of the common law, and prevails in Kentucky to-day (sic), except where it has been modified by the express language of the Constitution and statute." *Gregory v. Illinois Cent. R. Co.*, Ky., 80 S.W. 795 (1904). Section 241 creates a right of action for damages for wrongful death and provides that "[t]he General Assembly may provide how the recovery shall go and to whom belong...." In enacting KRS 411.130(2), the General Assembly has complied with that mandate. The only persons "legally entitled to recover" damages for wrongful death from an uninsured motorist are those persons listed in KRS 411.130(2). It follows that, absent a policy provision to the contrary, those are the same persons who are legally entitled to recover under the UM coverage of the policy.

GRAVES and JOHNSTONE, JJ., join this concurring opinion.