SECOND DIVISION
MARCH 15, 2011

No. 1-10-1240

| | | |
|---|---|---|
| *In re* ESTATE OF FREDERICK M. ANDERSON, SR., Deceased | ) ) ) | Appeal from the Circuit Court of Cook County. |
| (Marion Anderson, Supervised Administrator of the Estate, | ) ) ) | |
| Petitioner-Appellant, | ) ) | No. 09 P 6779 |
| v. | ) ) | |
| Jonathan Anderson and Frederick Anderson, Jr., | ) ) | |
| | ) ) | Honorable Jeffrey A. Malak, |
| Respondents-Appellees). | ) | Judge Presiding. |

JUSTICE CONNORS delivered the judgment of the court, with opinion.
Justices Karnezis and Harris concurred in the judgment and opinion.

**OPINION**

This case appears before us on a permissive interlocutory appeal pursuant to Supreme Court Rule 308 (Ill. S. Ct. R. 308 (eff. Feb. 1, 1994)) to consider a question certified by the trial court regarding the proper distribution of underinsured-motorist insurance proceeds. We hold that in the case of the wrongful death of an insured, proceeds recovered from an underinsured-motorist policy represent wrongful death damages distributable to those beneficiaries legally entitled to recover under the terms of the Wrongful Death Act (740 ILCS 180/2 (West 2008)).

BACKGROUND

On October 1, 2009, Frederick Anderson, Sr., was killed when his vehicle was rear-ended by an underinsured motorist. Frederick died intestate, survived by his wife, Marion Anderson, and his two sons from a previous marriage, Jonathan and Frederick Jr. Shortly thereafter, a probate estate was opened. Marion was issued letters of administration and was appointed as supervised administrator of her husband Frederick's estate. In her capacity as administrator, she filed a wrongful death action against the driver of the underinsured vehicle pursuant to the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 2008)). Additionally, Marion asserted a claim in her representative capacity with Frederick's automobile insurance carrier, State Farm Mutual Automobile Insurance Company, seeking coverage under the underinsured-motorist provisions of his policy on account of his wrongful death.

During the pendency of the suit, the underinsured motorists' insurer tendered the limits of its policy in the amount of $20,000 in settlement of the liability claim. State Farm then tendered $230,000 to Marion, as administrator, in settlement of the insurance claim, which represented the difference between its policy limits of liability and the tortfeasor's $20,000 liability limit.

Thereafter, Marion filed a petition seeking to approve the distribution of the $230,000 settlement proceeds solely to her individually as Frederick's spouse "as the only insured pursuant to the contract of insurance." She maintained that Jonathan and Frederick Jr. were not insureds under the policy as they were emancipated adults who did not live with the Andersons and, therefore, were not entitled to any of the settlement proceeds pursuant to the contract. The sons filed a response to the petition, objecting to the distribution and arguing that the proceeds should

be distributed pursuant to the Wrongful Death Act or, alternatively, that they were also entitled to a share of the proceeds as insureds under the contract. After a hearing on the matter, the circuit court certified the following question for our review:

"Whether benefits paid pursuant to a policy of underinsurance should be disbursed pursuant to the Illinois Wrongful Death Act and not according to the policy of underinsurance."

ANALYSIS

Our review of this certified question is governed by Supreme Court Rule 308 (Ill. S. Ct. R. 308 (eff. Feb. 1, 1994)). "We are limited to the question certified by the trial court, which, because it must be a question of law and not fact, is reviewed *de novo.*" *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 58 (2007). The issue raised by the certified question requires us to consider whether proceeds recovered pursuant to the underinsured-motorist provisions of decedent's policy as a consequence of his wrongful death are to be considered damages which are distributable under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 2008)). As framed, this issue is one of first impression in Illinois.

In order to answer the question, we begin by construing the pertinent language of the policy. An insurance policy is a contract and subject to the general rules of contract construction. *Hobbs v. Hartford Insurance Co. of the Midwest,* 214 Ill. 2d 11, 17 (2005). When construing the policy, a court must determine the intent of the parties as expressed in the policy. *West American Insurance Co. v. Yorkville National Bank,* 238 Ill. 2d 177, 293 (2010). "To determine 'the meaning of the policy's words and the intent of the parties, the court must construe the policy as a

whole [citations], with due regard to the risk undertaken, the subject matter that is insured and the purposes of the entire contract [citations].' " *Lapham-Hickey Steel Corp. v. Protection Mutual Insurance Co.,* 166 Ill. 2d 520, 529 (1995), quoting *Outboard Marine Corp. v. Liberty Mutual Insurance Co,* 154 Ill. 2d 90, 108 (1992). If the words are unambiguous they are to be given their "plain, ordinary, and popular meaning." *Yorkville National Bank,* 238 Ill. 2d at 293. The construction of an insurance policy and its provisions is a question of law, which we review *de novo. Outboard Marine,* 154 Ill. 2d at 108.

The underinsured-motorist provisions in the policy provide in pertinent part as follows:

> "We will pay damages for bodily injury an insured is legally
>
> entitled to collect from the owner or driver of an underinsured
>
> motor vehicle. The bodily injury must be sustained by an insured
>
> and caused by an accident arising out of the operation, maintenance
>
> or use of an underinsured motor vehicle." (Emphasis omitted.)

Bodily injury is specifically defined in the policy to include the "death which results from it." The phrase "legally entitled to collect" is not defined. However, our courts have previously interpreted the similar phrase "legally entitled to recover" to mean that a claimant could establish a cause of action against the tortfeasor that would entitle them to recover damages. *Allstate Insurance Co. v. Elkins*, 77 Ill. 2d 384, 390 (1979). Thus, the damages recoverable result from some ascertainment of liability for which the underinsured motorist is legally responsible.

The legal entitlement to recover damages for wrongful death[1] is governed by statute under

---

[1] We recognize that an insured may also be legally entitled to collect damages in a survival

1-10-1240

the Wrongful Death Act (740 ILCS 180/1 (West 2008)). The Act provides that:

> "Whenever the death of a person shall be caused by wrongful act *** and
> the act *** is such as would, if death had not ensued, have entitled the party
> injured to maintain an action and recover damages in respect thereof, then ***the
> person who *** would have been liable if death had not ensued, shall be liable to
> an action for damages." 740 ILCS 180/1 (West 2008).

The Act further delineates those individuals who are authorized by law to recover such damages as follows:

> "Every such action shall be brought by and in the names of the personal
> representatives of such deceased person, and, except as otherwise hereinafter
> provided, the amount recovered in every such action shall be for the exclusive
> benefit of the surviving spouse and next of kin of such deceased person." 740
> ILCS 180/2 (West 2008).

The purpose of the statute is intended to compensate specific surviving heirs for the pecuniary losses they sustained due to the decedent's death. *Glenn v. Johnson*, 198 Ill. 2d 575 (2001); *Elliot v. Willis*, 92 Ill. 2d 530, 540 (1982) (purpose of the Act is to provide eligible beneficiaries with the benefits that "would have been received from the continued life of the

action (755 ILCS 5/27-6 (West 2008)) for injury sustained by the decedent up to the time of death. However, we do not consider the distribution of those damages because the parties do not maintain, and the record does not reveal, that the settlement proceeds here represented damages other than wrongful death damages.

decedent."). That understanding is further reflected in the definition of "insured" under the underinsured-motorist provisions of the State Farm policy, which includes "any person entitled to recover damages because of bodily injury to an insured."

Accordingly, based upon the language of the policy and the Act, the only basis for payment of the settlement proceeds under the underinsured-motorist provisions of the policy is the existence of a wrongful death claim for the exclusive benefit of the surviving spouse and the next of kin. Thus, in the case of the death of an insured, the proceeds of an underinsured-motorist policy represent wrongful death damages suffered by and distributable to those persons who are statutorily entitled to recover damages in a wrongful death action.

Our conclusion is consistent with the purpose of underinsured-motorist protection, which is a creature of statute. 215 ILCS 5/143a-2(4)(West 2008). Under section 143a-2(4) of the Illinois Insurance Code, automobile insurers are required to include underinsured-motorist coverage in the policies they issue. 215 ILCS 5/143a-2(4) (West 2008). The purpose of the coverage is to "protect[] the insured and any additional insureds from the risk that a negligent driver of another vehicle (i) will cause injury to the insured or his additional insureds and (ii) will have inadequate liability coverage to compensate the injuries caused by his or her negligence." *Roberts v. Northland Insurance Co.*, 185 Ill. 2d 262, 268 (1998).

Thus, the underinsured-motorist coverage places the insured in the same position with regard to the recovery of damages that he would have been in if the tortfeasor had possessed adequate insurance. Had the negligent motorist had adequate coverage to compensate for the wrongful death, the insured would have derivatively been entitled to recover those damages from

the tortfeasor for the exclusive benefit of the statutory beneficiaries under the Act.

We also note that our conclusion is supported by the great weight of authority in other jurisdictions. See, *e.g.*, *Robertson v. Vinson*, 58 S.W.3d 432 (Ky. 2001) (proceeds of uninsured motorist coverage payable as a result of insured's wrongful death were to be distributed in accordance with the wrongful death statute and not to the sole beneficiary of the insured's will); *Holt v. Grange Mutual Casualty Co.*, 79 Ohio St. 3d 401, 683 N.E.2d 1080 (1997) (where underinsurance provider pays proceeds for wrongful death of policyholder, they represent damages payable to the wrongful death statutory beneficiaries); *Sprouse v. Hawk*, 574 So.2d 754 (Ala. 1991) (uninsured motorist benefits were paid in lieu of damages that would have been available in wrongful death action against tortfeasor and were to be distributed in accordance with the wrongful death statute); *Bruflat v. Prudential Property & Casualty Insurance Co.*, 233 Wis.2d 523, 608 N.W.2d 371 (2000)( wrongful death statute required that uninsured motorist benefits be distributed to deceased's heirs, even though mother and son were not insured's under the policy).

Applying these principles to the present case, where the insurer settles the underinsured-motorist claim with the administrator of the decedent's estate, the administrator acts as the personal representative of the decedent and stands in a fiduciary relationship to the statutory beneficiaries, protecting their interests. *Johnson v. Provena St. Therese Medical Center*, 334 Ill. App. 3d 581, 590 (2002). Section 2 of the Act then provides the basis for determining how the wrongful death proceeds are to be distributed among the beneficiaries based upon the proportionate percentages of the eligible beneficiaries' dependency to the decedent. 740 ILCS

1-10-1240

180/2 (West 2008). That determination is to be made by the circuit court in its discretion (*Johnson*, 334 Ill. App. 3d at 592), and is beyond the scope of our certified question under Rule 308. Ill. S. Ct. R. 308 (eff. Feb. 1, 1994).

CONCLUSION

Accordingly, based upon the terms of the insurance contract, the language of the Wrongful Death Act, and the intended purpose of underinsured-motorist coverage, we answer the certified question as follows: In the case of the wrongful death of an insured, proceeds recovered from an underinsured-motorist policy represent wrongful death damages to be distributed to those beneficiaries legally entitled to recover under the terms of the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 2008)).

Certified question answered.